(46 Misc. Rep. 20.)

### CALVET–ROGNIAT v. MERCANTILE TRUST CO.

(Supreme Court, Special Term, New York County.   December, 1904.)

1. JUDGMENT—VACATING—STIPULATION OF COUNSEL.

Where, in an action to recover certain money deposited with defendant, the only possible defense to the answer is that the money was received by defendant for the credit of other persons, and defendant's attorney stipulates that it was received for the account of plaintiff, and judgment has been entered thereon, the court will relieve the defendant, on the ground that the admission was made by inadvertence of the attorney and without the authority of his client, on payment of costs and a reasonable counsel fee to plaintiff.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Stipulations, §§ 66–73.]

2. DEPOSITIONS—USE ON MOTION—APPLICATION.

Where a motion is made for the appointment of a referee to take depositions of the officers of a corporation, and affidavits in opposition to such application, made by the persons whose depositions are sought, show that they would not swear to the facts as alleged by the moving party, and are in ignorance as to such facts, the motion will be denied, under Code Civ. Proc. § 885, making it a prerequisite to the granting of an order that the affidavit for deposition show that it is "necessary" for use on the motion.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Depositions, § 52.]

Action by Pierre Calvet-Rogniat against the Mercantile Trust Company.  Motion by defendant to be relieved from a stipulation of defendant's attorney granted on condition.  Motion to appoint referee denied.

Coudert Bros., for plaintiff.

Alexander & Colby, for defendant.

SCOTT, J.  Two motions are brought before the court in this action.  The first is a motion by defendant to be relieved from a stipulation entered into by its former attorneys.  The plaintiff sues to recover a sum of money transmitted by him to defendant through a banking firm, and said to have been received by defendant for his account.  The answer, besides pleading a lack of knowledge or information sufficient to form a belief as to certain allegations of the complaint, specially denies that the sum sued for or any other sum had been deposited with defendant to the credit of plaintiff, or is now or ever was on deposit with defendant to the credit of plaintiff.  This answer was verified by defendant's secretary. It sufficiently appears that it was not intended to deny that the sum specified had been transmitted by plaintiff, through his bankers, to defendant, and received by it.  The serious and only question between the parties was whether or not defendant received the money and held it for plaintiff's account.

It appears that plaintiff had been a subscriber, to an amount far exceeding the sum sued for, to what is known as an underwriting agreement with respect to a proposed issue of bonds by a corporation known as the United States Shipbuilding Company; that, when the money was received by defendant, the bankers who paid it in plaintiff's behalf stated that the sum had been received by them from plaintiff on account of the United States Shipbuilding matter, and defendant, on receiving said sum, gave a receipt in which it was recited that the sum had been received from plaintiff on account of shipbuilding matter. Of course, if the money had been received from plaintiff merely as a deposit, and had been accepted and held by defendant for his account solely, he was entitled to receive it back upon demand, whereas, if it had been received as payment of a part of and on account of plaintiff's subscription to the projected issue of bonds, it might well be that others had a superior claim to the money, and that plaintiff was not entitled to receive it from defendant. It is to be observed that, under the pleadings as drawn, it was open to defendant to show that the money, although received from plaintiff, was neither received nor held for his account.

Pending the trial, at the request of plaintiff's attorneys, the attorneys who then represented the defendant signed a stipulation admitting, for the purposes of the trial, that defendant had received the money "for account of the plaintiff, Pierre Calvet-Rogniat." Upon the trial the plaintiff proved this stipulation and rested upon it, whereupon the referee held that the facts therein admitted established the plaintiff's cause of action. It is not perceived that he could have held otherwise, for the admission above quoted negatived the only denial in the answer under which the defendant could show, if such was the fact, that this money was received and held, not for account of plaintiff, but for account of and as a part of his subscription to the shipbuilding bond issue. In short, this stipulation conceded away any possible defense the defendant might have to plaintiff's suit, and afforded it no protection against an action by any one claiming under the subscription agreement. It is from this stipulation that the defendant seeks to be relieved. Of the power of the court to grant relief, no question is or can be made. It is a power frequently exercised, and one which should be exercised with a reasonable degree of liberality where it appears that a client has been put at a serious disadvantage by the inadvertence of his attorney, and nothing has occurred since the making of the stipulation which would prevent the restoration of the party claiming the advantage from it to as good a position as he occupied before it was made. It is also urged that the stipulation is contrary to the fact. It would be improper to undertake to resolve on this motion the issues of fact raised by the denials in the answer, but it may be said generally that the facts stated in defendant's affidavits, if susceptible of proof, raise a serious question as to plaintiff's right to recover, and one which ought to be tried. It also appears that the stipulation was entered into by the attorneys without the knowledge of defendant or any of its officers, and without authorization from the defendant. The decision of the referee declaring the effect of

the stipulation was not rendered until July last, and defendant's officers did not learn of the existence of this stipulation until about November 1st. This motion was promptly made thereafter, and nothing has occurred since the making of this stipulation to affect the relative positions of the parties to the action, except that the plaintiff has probably incurred some expense in the prosecution of the action, the benefit of which will be lost if the stipulation be set aside. This loss, however, can easily be compensated for as a condition of granting the motion. The plaintiff submits no affidavits in opposition to the motion. He does, however, move for the appointment of a referee to take depositions of the defendant's officers to be used in opposition to the motion above considered. If this second motion should be granted, the necessary effect would be to postpone the determination of this first motion until the coming in of the referee's report.

The affidavits upon which the plaintiff's motion is made recite the history of the litigation, including the negotiations between the attorneys for the respective parties which led up to the making of the stipulation. They state that the plaintiff desires to show, in opposition to defendant's motion to be relieved of the stipulation, first, that said stipulation or admission was not made without the consent or authority of defendant; second, that it was not made improvidently or without due regard for the facts by the attorneys for the defendant who signed it; and, third, that the defendant has not claimed and does not claim that it is entitled to retain the sum herein sued for, or that it has any defense whatever to the action. It further appears that the plaintiff has caused to be submitted to each of defendant's officers identical affidavits, which, if verified by them, would tend to establish the three propositions above quoted. The affidavits so presented contain also certain statements not relevant to the motion made by defendant. Each of the officers whose deposition it is proposed to take has submitted an affidavit in opposition to the motion in which he states categorically and positively as to each relevant allegation contained in the proposed affidavits that he cannot and could not swear to it, because the allegations are not true, or, in some instance, that he has no knowledge of the facts to which he is asked to swear. From these affidavits it plainly appears that the appointment of a referee to take the depositions would not and could not result in placing before the court verified allegations of the truth of the facts which the plaintiff says he intends to prove by the depositions of the parties he names. Section 885 of the Code of Civil Procedure, under which this affidavit is made, makes it a prerequisite to the granting of an order that the "affidavit or deposition is necessary" for use upon this motion. In order that it shall be "necessary," it must be made to appear, first, that the person sought to be examined can, and, if compelled, will, swear to the facts desired; and, secondly, that the facts to which he can swear are relevant to the motion. The proceeding is not intended to be used as one for the general examination of witnesses, and no good purpose is to be served by putting questions which will elicit denials of the facts sought to be established. The Code

expressly vests the granting of this order in the judicial discretion of the court, and it would not, in my opinion, be a proper exercise of that discretion to appoint a referee to take the depositions, when it clearly and positively appears, as in the present case, that the parties to be examined will not swear to the facts which plaintiff seeks to establish by their depositions, because, as they allege, these facts do not exist. The result of their examination, under these circumstances, would not aid the court in determining the principal motion.

The motion for the appointment of a referee to take the depositions of defendant's officers must therefore be denied, with $10 costs. The motion to relieve the defendant from the stipulation made by its former attorneys will be granted, but upon the condition that defendant pay the costs and expenses of the reference, and a reasonable counsel fee to the attorneys for plaintiff for the services upon the reference, the value of which services will be lost to the plaintiff by the granting of this motion. If the parties cannot agree upon the counsel fee to be paid, the amount will be fixed upon the settlement of the order.

Ordered accordingly.