(53 Misc. Rep. 1)

#### DAVIS v. WILLIAM ROSENZWEIG REALTY CO. et al.

#### (Supreme Court, Special Term, New York County. February 19, 1907.)

1. MOTIONS—AFFIDAVITS—COMPELLING MAKING OF DEPOSITIONS.

Though Code Civ. Proc. § 885, authorizes the taking of depositions of persons not parties to a suit in support of or opposition to motions, an application to take depositions on motion for new trial will be denied,

where it appears that the persons whose testimony is sought will not testify to the facts the applicant seeks to establish, because the facts do not exist or they have no knowledge concerning them.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Motions, §§ 32, 36.]

**2. SAME.**

Where one refused to verify a proposed affidavit to be used by defendant on a motion for a new trial, on the ground that he knew nothing of the matters therein contained, but refused to make any affidavit whatever upon an application to obtain his deposition, the application was granted on defendant's affidavit of the person's knowledge of such matters.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Motions, § 36.]

**3. SAME—LACHES.**

There was no laches barring an application to take the deposition of one not a party to an action in support of a motion for a new trial, where the facts upon which the application was based were discovered several months previously, but were not made known to defendant's attorney because their importance was not appreciated, and there was no delay after the attorney learned them.

Action by Harry B. Davis against the William Rosenzweig Realty Company and another. Motion to obtain the depositions of certain persons to be used upon motion for a new trial. Motion partly granted, and partly denied.

Morris J. Hirsch, for the motion.

Kurzman & Frankenheimer (John Frankenheimer, of counsel), opposed.

GIEGERICH, J. This is a motion, under section 885 of the Code of Civil Procedure, to obtain the depositions of certain persons, Kashare, Goldberg and Schlessel, to be used upon a motion which the defendant corporation proposes to make for a new trial. The action was brought to rescind a contract made by the plaintiff to purchase certain real estate of the defendant and to recover back the amount deposited on the execution of the contract. The plaintiff was successful; the trial court finding that the defendant had falsely represented to the plaintiff that the land in question was firm, natural ground suitable to support buildings, while in fact it was filled ground and unsuitable.

The moving papers show that the plaintiff testified upon the trial that Schlessel had purchased the property of him; that he had it tested, and reported to the plaintiff that it was filled ground, and that the latter had the land tested and verified that fact; that Schlessel, who was called as a witness in behalf of the plaintiff, testified that after entering into a contract with the plaintiff for the purchase of the property he had a digger examine the lots, who reported that the ground was filled ground; and that the result of such examination was communicated to the plaintiff by the witness, upon the strength of which the plaintiff rescinded the contract upon the ground of the alleged falsity of the representation. And it is further alleged in the moving papers that since that time Schlessel told Kashare and Goldberg that, the plaintiff being financially unable to take title, it was arranged between them that Schlessel should be relieved of his contract to take the property in suit, and a scheme devised to have the bottom of the ground declared to be made ground and not good ground, and assert that representa-

tions had been made as to the character of the bottom on behalf of the defendant company to induce the plaintiff to purchase the said property. Schlessel denies that he made any of the statements claimed to have been made by him, and which he says are in direct conflict with his testimony upon the trial, and he further states that the reason why he refused to swear to the proposed affidavit was because all the allegations therein contained after the first page were untrue. Kashare denies that Schlessel ever made to him any of the statements above mentioned, and he further denies having any conversation with William Rosenzweig at Asbury Park, subsequent to the trial, to the effect that Schlessel had entered into a conspiracy with the plaintiff of the character above stated. Kashare further makes affidavit that he never had any conversation with Schlessel relating to the purchase of any property whatsoever from the plaintiff, and that the reason why he refused to swear to the proposed affidavit was because he "knew nothing about the matters therein referred to."

Mr. Justice Scott, in Calvet-Rogniat v. Mercantile Trust Co., 46 Misc. Rep. 20, 24, 93 N. Y. Supp. 241, passing upon a similar application said:

"The proceeding is not intended to be used as one for the general examination of witnesses, and no good purpose is to be served by putting questions which will elicit denials of the facts sought to be established. The Code expressly vests the granting of this order in the judicial discretion of the court, and it would not, in my opinion, be a proper exercise of that discretion to appoint a referee to take the depositions when it clearly and positively appears, as in the present case, that the parties to be examined will not swear to the facts which plaintiff seeks to establish by their depositions, because, as they allege, these facts do not exist. The result of their examination, under these circumstances, would not aid the court in determining the principal motion."

All that is above said applies with equal force to the cases of Schlessel and Kashare, and hence the motions as to them should be denied. A different situation, however, is presented in the case of Goldberg, the remaining proposed witness, who refused to verify the proposed affidavit on the ground that he had no knowledge of the matters therein contained, but who, nevertheless, refused to make any affidavit whatever upon this application. His case, therefore, differs from Calvet-Rogniat v. Mercantile Trust Co., supra, where the proposed witnesses made positive affidavits that some of the matters proposed to be so proved by them were not true, and that as to others they had no knowledge. It is objected by the plaintiff that as the main issue upon the trial was whether or not the defendant William Rosenzweig represented that the lots in suit were good and not made ground, and as Schlessel gave no testimony on that point, it would be unavailing to discredit him. This argument loses sight of the fact that the evidence sought would not only discredit Schlessel, by showing a conspiracy between him and the plaintiff to relieve the latter of the contract in suit by false testimony, but would equally discredit and refute the plaintiff, who did testify to the main issue.

Neither do I think that there has been any such laches on the defendants' part as to constitute a bar to this motion. The facts were discovered several months ago, but were not made known to the de-

fendants' attorney because their importance was not appreciated. It does not appear that there was any delay after the attorney learned the facts, but the contrary rather, as he states in his affidavit that they were just related to him.

The motion as to Goldberg is therefore granted, but denied as to Schlessel and Kashare, with $10 costs to abide the final event of the action. The appointment of a referee to take the deposition of Goldberg, as well as the time and place of his examination, will be deferred until the settlement of the order, which may be had on two days' notice.