### ELIAS v. COLEMAN & KRAUSE, Inc.

(Supreme Court, Appellate Term, First Department.  December 4, 1914.)

EVIDENCE (§ 246*)—ADMISSIONS—MANNER OF MAKING.
    Extracts from the minutes of a previous trial between the parties, showing admissions by defendant's counsel unqualified on their face, are admissible to bind defendant on a subsequent trial.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 945–949; Dec. Dig. § 246.*]

Appeal from City Court of New York, Trial Term.

Action by Joseph Elias against Coleman & Krause, Incorporated. From a judgment dismissing the complaint at the close of plaintiff's case, plaintiff appeals.  Reversed, and new trial granted.

See, also, 137 N. Y. Supp. 883.

Argued October term, 1914, before SEABURY, BIJUR, and CO-HALAN, JJ.

Lawrence H. Sanders, of New York City (Arthur B. Hyman, of New York City, of counsel), for appellant.

Warren McConihe, of New York City, for respondent.

BIJUR, J.  The only question presented by this appeal is whether the learned judge below erroneously excluded certain proof offered by the plaintiff.  The latter, in order to prove substantial performance of an agreement to deliver to defendant, under the terms of a contract, certain glass (called "lights") which were placed in sash, offered three receipts calling, respectively, for certain quantities of lights. These receipts are marked, in the present trial, Plaintiff's Exhibits C, F, and N, respectively.  Plaintiff then offered in evidence extracts from the minutes of the previous trial, which defendant's counsel conceded to be correct, marked Plaintiff's Exhibits B and E for iden-

tification, respectively, in the present record. These are claimed by plaintiff to constitute admissions made by the defendant's counsel on the previous trial, and to be binding as such on his client in the present trial. Respondent contends, on the other hand, that these admissions were conditional or qualified. There is, however, nothing in the admissions to indicate either condition or qualification, and therefore, under defendant's own authorities, such as Owen v. Cawley, 36 N. Y. 600, and Clason v. Baldwin, 152 N. Y. 204, 46 N. E. 322, the testimony showing these admissions should have been admitted, and the case as thus made submitted to the jury.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.