(88 Misc. Rep. 714)

ELIAS v. COLEMAN & KRAUSE.

(City Court of New York, Special Term. January, 1915.)

1. EVIDENCE ☞265—RELIEF FROM ADMISSIONS.
    In action for goods sold, where admissions as to delivery receipts received in evidence were made and acted on in reliance on the court's statement that they were only for the purposes of the then pending trial, on another trial a motion to be relieved therefrom should be granted, and if it be determined that they were not so received, they were gratuitous, incorrect, inadvertent, or based on a misunderstanding of counsel, and should be excluded.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1029–1050; Dec. Dig. ☞265.]

2. COURTS ☞189—CITY COURT—PROCEDURE—RELIEF FROM ADMISSIONS—REFERENCE.
    Where such motion comes before the Special Term and is referred to the trial justice, and necessitates the determination of facts within his personal recollection, he may decline the reference and return the motion to the Special Term.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ☞189.]

Action by Joseph Elias against Coleman & Krause. On motion by defendant to be relieved from certain admissions made as to delivery receipts received in evidence on the trial. Motion returned to Special Term.

See, also, 150 N. Y. Supp. 92.

Lawrence H. Sanders, of New York City (Arthur B. Hyman, of New York City, of counsel), for appellant.

Warren McConihe, of New York City, for respondent.

LA FETRA, J. [1] This is a motion by defendant to be relieved from certain admissions made as to delivery receipts received in evi-

————————————————————————————————————————

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

dence upon the trial of this action on Friday, February 9, 1912. The cause was placed on the calendar in Part II as one to be tried within two hours. Before impaneling the jury at 20 minutes to 11 in the morning, upon inquiry, the court was informed by plaintiff he would occupy about 10 minutes in presenting his prima facie case. The defendant stated he had 23 or more witnesses; that the testimony of each witness would take but little time; that, although he thought the action could not be tried within two hours, he was anxious to expedite it, as he intended to leave on the afternoon train that he might spend the following Monday—Lincoln's Birthday—with his family at Atlantic City. The court suggested from the array of witnesses the possibility of counsel agreeing to return the cause to the general calendar. Suffice it to say the trial was continued until about 20 minutes after 3 o'clock in the afternoon, when plaintiff's complaint was dismissed.

The action was to recover upon a combined oral and written contract to glaze sash for double-hung windows for a large office building downtown. In the upper sash there was to be rough wire glass, and in the lower polished plate wire glass. There were to be 124 polished plate and 246 rough wire lights of varying sizes. Sashes were to be delivered to the plaintiff and returned to the defendant glazed. The plaintiff claimed he had substantially, but not entirely, performed the contract, and sought to recover the contract price. He was the first witness called, and counsel attempted to make out a prima facie case from the mouth of the witness, although he had no present recollection of the details, as the work was being performed, and the sashes as glazed were being returned, by his employés. In this he ran counter to well-founded legal objections in behalf of defendant to the many questions propounded. He then sought to have the witness refresh his recollection, first, from the written contract, Exhibit A, and, failing in this, from the bill of particulars in the action. Instead of the witness' recollection being refreshed as to the sashes glazed and those returned, it became apparent he was reading the contents of the papers. All the while there was a persistent effort to argue upon each question propounded to such an extent as to call forth the admonition of the court. The result was the trial became protracted, and some testimony as to details was elicited from the witness without objection from defendant. Finally plaintiff offered for evidence receipts which purported to show the return of certain glazed sash. The receipts called for 173 single sash glazed with rough wire glass, 53 rough wire lights, 115 single sash glazed with polished plate wire glass, and 9 polished plate wire lights. There were interlineations and erasures in many receipts. Plaintiff's efforts were met with like objections, and the colloquy between counsel continued.

The court suggested from time to time there must be something for the purpose of the trial that counsel could agree upon. Finally the court advised counsel for the purposes of the trial only they must agree, or it would hold them strictly to the two-hour rule or sit for the entire day, according to its determination as to where the fault was. Thereupon the defendant's counsel hastily consulted with persons about him and with plaintiff's counsel, and the receipts were rapidly .

offered and allowed in evidence—some qualified as to details in the receipts, others, as far as the records of the two appeals show, absolute and unqualified, but all unquestionably acted upon by the defendant because of the court's direction to agree upon the admission of the receipts only for the purposes of that trial. From the evidence it seemed impossible to determine whether the rough wire lights had been inserted in all upper sash and polished wire glass in all lower and in the varying sizes as called for by the contract. The contract called for lights of varying sizes, whereas the receipts called in some instances for sash, in others for lights, without a description of sizes to identify the glass with the contract. It also appeared a strike developed. Plaintiff's shops were practically closed, whereupon, under some agreement not clearly shown, defendant's employés assisted the plaintiff. For these and other reasons the complaint was dismissed. An appeal was taken and a reversal had. 137 N. Y. Supp. 883. The cause was retried before me. The plaintiff again offered the receipts, and claimed the prior admissions were absolute and unqualified. The court on motion relieved the defendant therefrom. The complaint was again dismissed, an appeal had and the dismissal reversed. 150 N. Y. Supp. 92.

This present motion now comes before Special Term for relief from the admissions and has been referred to me. The records on appeal do not contain the colloquy which took place prior to the admission of the receipts on the first trial. I have asked for the stenographic notes to refresh my recollection, but learn they have been destroyed through lapse of time. The admissions were made and acted upon in reliance on the court's statement that they were only for the purposes of the then pending trial. Even if it should be determined to the contrary, the admissions were gratuitous, did not speak the truth, were inadvertent, or based upon the attorney's misunderstanding, and the motion should be granted. Donovan v. Twist, 119 App. Div. 734, 104 N. Y. Supp. 1; Calvet-Rogniat v. Mercantile Trust Co., 46 Misc. Rep. 20, 93 N. Y. Supp. 241; Ins. Co. of Pennsylvania v. Telfair, 45 App. Div. 564, 61 N. Y. Supp. 322.

[2] As it necessitates the determination of facts within my personal recollection, I decline the reference, and respectfully return the motion to the Special Term.

Ordered accordingly.