ANN O'CONNOR, as Committee of the Person and Estate of GRACE McLAUGHLIN, an Incompetent Person, Appellant, *v.* PAULINE D. McLAUGHLIN, Individually and as Executrix, etc., of HUGH McLAUGHLIN, Deceased, Respondent.

*The indorsement of the word "filed" on an order establishes its entry — scope of a deposition under Code of Civil Procedure, § 885 — it extends to an examination after, of a witness examined at, the trial.*

The indorsement by the county clerk of the word "filed," as of a certain date, upon an order made by a judge out of court is equivalent to the entry of the order in the clerk's office within the meaning of section 1304 of the Code of Civil Procedure, which provides that an appeal cannot be taken from such an order until it has been entered in the proper county clerk's office.

Section 885 of the Code of Civil Procedure, authorizing the taking for use upon a motion of the deposition of a person not a party to the action, does not relate solely to the examination of witnesses before trial, but applies to a case where the defendant in an action wishes to use the deposition on a motion to vacate the judgment theretofore rendered in the action and for a new trial upon the ground of newly-discovered evidence.

It is not an answer to the application that the person sought to be examined was a witness on the trial and was examined as to the proposed subject of the investigation, especially where the claim is made that such witness has since the trial admitted that there was a concealment of facts which would influence the court in determining whether to grant a new trial for newly-discovered evidence.

APPEAL by the plaintiff, Ann O'Connor, as committee of the person and estate of Grace McLaughlin, an incompetent person, from an order described in the notice of appeal as follows: " an order of the Special Term of this court, granted on the 16th day of July, 1902, and entered in the office of the clerk of the county of Kings on the 16th day of July, 1902." The order appointed a referee to take the deposition of a person not a party to the action.

*Henry F. Cochrane,* for the appellant.

*Herbert T. Ketcham [Joseph E. Owens* with him on the brief], for the respondent.

GOODRICH, P. J.:

The appeal is from an order made under section 885 of the Code of Civil Procedure, granting leave to the defendant, after trial of the action, to take the deposition of Mary Law, who was a witness on the trial, which deposition the defendant desired to use on a motion which she intended to make for a new trial on the ground of newly-discovered evidence. The action was brought by the plaintiff in favor of her incompetent sister, to establish a trust in favor of such incompetent in the proceeds arising from the sale of No. 51 Jay street, Brooklyn, and for an accounting of the rents and profits thereof.

John McLaughlin, deceased, was the father of four children, the plaintiff, Ann O'Connor, the incompetent, Grace McLaughlin, Mary Law and Mary L. Clabby. In 1858, Hugh McLaughlin, now deceased, bought the house in question at a foreclosure sale with money advanced by John McLaughlin, deceased, under an agreement that he, Hugh, would hold the same for the benefit of Grace, who had been an incompetent from her birth. Grace lived in the family of Lorenzo O'Connor, the husband of the plaintiff Ann. The plaintiff produced two witnesses on the trial, Lorenzo O'Connor and Mary Law, who testified to numerous declarations of Hugh that he held the house in trust for Grace. These two were the only witnesses to such declarations. Lorenzo also testified that a week before the foreclosure sale Hugh McLaughlin told him that he was going to buy the house in trust for Grace with money furnished by John, her father.

The court rendered a decision in favor of the plaintiff, and an interlocutory judgment was entered in May, 1902, directing an accounting of the rents and profits. The present motion was made in July.

The respondent argues that the appeal should be dismissed on the ground that the notice of appeal is "from an order of the Special Term of this court, granted on the 16th day of July, 1902, and entered in the office of the clerk of the county of Kings on the 16th day of July, 1902." Possibly this is technically correct. The order is not an order of the Special Term, but is the order of a judge. Section 1304 of the Code of Civil Procedure provides that an appeal cannot be taken from an order made by a judge out of court until it is entered in the office of the proper clerk. The only language in the record on appeal showing that the order was entered is the words "Granted July 16, 1902. Charles T. Hartzheim, clerk." But an examination of the order in the county clerk's office shows that it is marked and indorsed "Filed" as of July seventeenth. This is equivalent to an entry of the order in the clerk's office.

The appellant contends that section 885 does not authorize the order because it relates only to the examination of witnesses before trial. But there is no such limitation in the section. In terms it covers all cases where a party wishes to use the deposition on a motion, whether before or after judgment. Neither is it an answer to the application that the person to be examined was a witness at the trial and was examined as to the proposed subject of investigation, especially where, as here, the claim is that the witness has since the trial substantially admitted that there was a concealment, either intentional or unintentional, of facts which might have a very large influence upon the determination of the court, whether or not a new trial should be granted for newly-discovered evidence. That evidence is to the effect that while the action is in the name of and apparently for the sole benefit of Grace, it is really brought for the benefit of all four children of John, and that the plaintiff, one of said children, had made an agreement with one or more of the others, that, in the event of recovery, they should all share therein, and that the action was brought in the name of the incompetent because it was supposed that there was a better chance of recovery by an action in her behalf than if all had joined therein.

It is to be noted that if the action had been brought by and in the name of all the four children, and to establish a trust in their favor, including Mrs. Law, as plaintiff, she could not have been examined as a witness in her own behalf, and so far as her own interest was concerned, as to any conversation between her and the deceased, Hugh McLaughlin.

Mary Law, on cross-examination, was asked whether she did not consider the property as belonging to other children than Grace, and she disclaimed any interest therein, but that does not meet the question, because she might have been relying upon the promise of Mrs. O'Connor to pay her a share out of the proceeds of this litigation. If it be a fact that she has admitted, as the moving papers allege, that she had entered into a compact with the plaintiff upon a corrupt agreement to conceal important evidence which might have a very decided influence in the determination of the issues, we ought not to be swift to discover reasons for refusing the defeated party an opportunity of securing evidence upon which to make her motion.

It is true, as was held in *Fleming* v. *Hollenback* (7 Barb. 271) and the cases there cited, that a new trial will not be granted on account of newly-discovered evidence, if the evidence is only material to impeach or contradict witnesses sworn on the former trial, but the attempt to secure a new trial has a deeper foundation. The defendant's attack is not confined to the ground stated in the *Fleming* case, but discloses the purpose of showing a completed plan of conspiracy and subornation of perjury, by which, if the defendant's contentions are true, the court has been misled and deceived, and the defendant defrauded. We are not called upon to lay down, and are not laying down, any rule as to the rules upon which the motion for a new trial hereafter to be made is to be decided, but simply to enable the defendant to present his claim for adjudication.

The order should be affirmed.

BARTLETT, HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.