## RICHARDS v. WHITING.

(Supreme Court, Appellate Division, Second Department.   June 5, 1908.)

DISCOVERY—EXAMINATION OF PARTY BEFORE TRIAL.

The fact that a party has personal knowledge on a question in issue, or has other evidence thereon, is no reason for refusing to allow him to examine his adversary on the issue before trial.

Appeal from Special Term, Kings County.

Action by Paul M. Richards against Charles S. Whiting.   From an order denying defendant's motion to modify an order for his examination before trial, he appeals.   Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

C. S. Keyes, for appellant.

J. Aspinwall Hodge, for respondent.

GAYNOR, J.   The complaint alleges a contract between the plaintiff and the defendant that all commissions on real estate transactions by the latter with persons introduced to him by the former should be equally divided.   It is conceded that an examination before trial should be had, but contended that it should be limited to proof of the transactions had with persons so introduced and the commissions earned thereon.   The defendant should not be examined to prove the contract or to show the persons introduced, it is claimed, for the reason that the plaintiff must have personal knowledge thereof and can testify to it himself on the trial.   That a party has other evidence on an issue is not a reason for refusing to allow him to examine his adversary on the issue.   On the contrary, such examination may avoid the necessity of calling witnesses.   It might seem that due regard for recent decisions would deter the taking of appeals like this.   Shonts v. Thomas, 116 App. Div. 854, 102 N. Y. Supp. 324; Donaldson v. Brooklyn Heights R. Co., 119 App. Div. 513, 104 N. Y. Supp. 178; Goldmark v. U. S. Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078; McKeand v. Locke, 115 App. Div. 174, 100 N. Y. Supp. 704; Koplin v. Hoe, 123 App. Div. 827, 108 N. Y. Supp. 602; Cherbuliez v. Parsons, 123 App. Div. 814, 108 N. Y. Supp. 321.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements.   All concur.