### MITHERTZ v. GOLDSCHMIDT BROS. CO.

(City Court of New York, Special Term. September 7, 1909.)

1. DISCOVERY (§ 44*)—EXAMINATION BEFORE TRIAL—APPLICATION—DEFENSES.
An application for the examination of a party before trial, as authorized by Code Civ. Proc. §§ 870, 873, supported by an affidavit stating the facts showing that the deposition of the party is material, as required by rule 82 of the general rules of practice, cannot be denied on the ground that the movant may subpœna on the trial the witness sought to be examined, nor on the ground of a stipulation that the witness will appear for trial, nor on the ground that the movant may procure the evidence from other persons than the witness whose deposition is required.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 44.*]

2. DISCOVERY (§ 38*)—EXAMINATION BEFORE TRIAL—APPLICATION—DEFENSES.
Where an issue of fact is presented to be determined on the trial of an action, and a party thereto has knowledge of facts material in the determination of such issue, either party thereto may, under Code Civ. Proc. §§ 870, 873, examine him and have his deposition for use at the trial.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. § 38.*]

3. DISCOVERY (§ 38*)—EXAMINATION BEFORE TRIAL—APPLICATION—DEFENSES.
Where, in an action against a corporation for its failure to accept an installment of goods bought for delivery in installments, the pleadings raised the issue whether a failure to deliver the installment within the time contracted for was waived by the corporation, the president thereof, having knowledge of the facts, could be compelled to testify before trial, and thus disclose facts avoiding the defense of nondelivery within the contract time.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. § 38.*]

Action by one Mithertz against the Goldschmidt Bros. Company. Motion for an order to examine the president of defendant before trial. Granted.

Katz & Sommerick, for plaintiff.
Coney & Townsend, for defendant.

FINELITE, J. The plaintiff moves this court for an order to examine the president of the defendant before trial as to the facts alleged in his second amended complaint. By said second amended complaint the plaintiff alleges that the defendant ordered from one Carl Scherf, of Limbeth, Germany, certain goods, wares, and merchandise,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

amounting to the sum of $6,160; that said goods, wares, and merchandise were to be delivered partly on or about January 15, 1908, and of January, 1908, on or about February 15, 1908, and of February, 1908, and on or about March 15, 1908; that the defendant, after March 15, 1908, made inquiries from said Carl Scherf as to when the balance of said order undelivered at said date was being shipped, and as to what balance remained unshipped, and also asked for further shipment of said goods, wares, and merchandise, and said defendant likewise made inquiry on or about March 10, 1908, when said balance was being shipped; that said last inquiry was such a short time before March 15, 1908, as to indicate that the defendant did not insist on delivery of said balance on March 15, 1908; that thereafter, and prior to on or about May 19, 1908, the said Carl Scherf delivered to the defendant the balance remaining undelivered on said order as aforesaid, to wit, goods, wares, and merchandise of the agreed price of $1,894; that defendant received all the installments of goods, wares and merchandise, except the last installment, and paid for them. The answer to the amended complaint alleges that on or about the 19th day of May, 1908, certain packages or cases purporting to contain the last installment of said goods, wares, and merchandise were offered to the defendant; but the defendant refused to receive said installment on the ground that the goods were not delivered on the 15th day of March, 1908.

It appears from the moving affidavit that one Daniel Goldschmidt is the president of the defendant, and resides at No. 461 West 155th street, in the city of New York; that said Daniel Goldschmidt is familiar with all the facts with regard to this order and the deliveries thereunder; that the testimony of the said Daniel Goldschmidt is necessary and material to the plaintiff, and that the plaintiff cannot safely proceed to trial without said testimony; and that the plaintiff intends to prove by the examination of the said Carl Goldschmidt that the time of the delivery of the goods, wares, and merchandise was not of the essence of the contract, and that it was agreed that if the goods came within a reasonable time after the date mentioned in the order that the shipment would be regarded as in time.

In Goldmark v. U. S. Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078, Ingraham, J., says, commenting on section 870 of the Code of Civil Procedure, that it gave to a party to an action pending in a court of record the right to take the deposition of any party to the action "at any time before the trial." By chapter 696, p. 1693, of the Laws of 1904 this section of the Code was amended by giving a party the right to take such a deposition during as well as before the trial, so that as the provision now stands any party to the action has a right to take the deposition of a party at any time before or during the trial. Section 872 of the Code provides that, if the action is pending in a court of record, a person desiring to take such a deposition must present to the justice an affidavit setting forth the names and residences of all parties to the action, whether or not they have appeared, with the name and residence or office address of the attorney, the nature of the action, and the substance of the judgment de-

manded, and, if a defense has been interposed the nature of the defense, the name and residence of the person to be examined, and that the testimony of such person is material and necessary for the party making such application, or for the prosecution or defense of said action, and that if the party sought to be examined is a corporation the affidavit shall state the names of the officers or directors thereof, or any of them whose testimony is necessary and material. Section 873 of the Code provides that the judge to whom such an affidavit is presented must grant an order for the examination.

The rule that the affidavit must state the facts and circumstances (rule 82 of the general rules of practice) to show that the deposition of the proposed witness is material and necessary to the party making the application is intended to prevent an abuse of the permission to examine an adverse party, so that a party to an action will not be allowed to examine his opponents for an ulterior or improper purpose. It is not an answer to such an application to say that the party making the application can subpœna the witness sought to be examined on the trial, nor a stipulation by a witness or a defendant that such a witness or defendant would appear for trial and answer to such an application. The Code expressly provides that the deposition is to be taken either before or during the trial. The object is to obtain testimony of an adverse party before the trial, so that it can be used at the trial. Just what such an adverse party will swear to cannot be ascertained until the deposition is taken, and until the deposition is taken in a condition to be read at the trial a party cannot tell whether the evidence of the proposed witness would be sufficient to prove the particular fact that the time was not the essence of the contract, as it may or may not appear from the deposition taken of the president of the defendant on such examination.

Nor is it an answer to such an application that the party making it can procure the evidence from other persons than the person whose deposition is required. The statute does not require that it shall appear that the fact sought to be proved cannot be proved by other persons; but it authorizes a party to take the deposition of his opponent, where his testimony can prove the fact which he desires to establish. Where an issue of fact is presented, to be determined upon the trial of an action, and where it appears that a party to an action has knowledge of facts which are material in the determination of that issue, either party to the action, under these provisions of the Code, is entitled to examine such a party and have his deposition for use at the trial. See Richards v. Whiting, 127 App. Div. 208, 111 N. Y. Supp. 21. By such examination it may appear that the time for deliveries was or was not waived; but the plaintiff is entitled to this evidence at the present time, without waiting for the day of trial, and to subpœna the president to prove the facts which he desires to know now. In Schweinburg v. Altman (Appellate Division of This Department) 131 App. Div. 795, 116 N. Y. Supp. 318, held that where a defense has been set up which, if established and unanswered, would destroy the cause of action, if the plaintiff in his moving papers shows that he desires an examination of the defendant, not for the purpose of disclosing that defense, which has already been disclosed by the answer, but to avoid

it, then such evidence is material and necessary to the plaintiff's cause of action, because without it that cause would be gone. Under such circumstances an examination may be had.

For the reasons herein set forth, the motion will be granted. Settle order on notice.