BRICHTA v. SIMON.

(Supreme Court, Appellate Division, First Department.    October 25, 1912.)

DISCOVERY (§ 40*)—AUTOMOBILE ACCIDENT—EXAMINATION OF DEFENDANT BE-
    FORE TRIAL—SCOPE.

    Plaintiff sued for injuries by being struck by defendant's automobile
in a public street.  Defendant's liability for the operation of the machine
at the time and place in question was put in issue, and he also denied
all the allegations with respect to negligence in operating the same.  *Held*
that, in the absence of a showing that defendant's examination before
trial would be favorable or essential to plaintiff with reference to the
question of negligence, her right to examine defendant before trial should
be limited to the question whether defendant was operating the machine
at the time, and, if not, as to what was his relation to the person who
was operating it.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 52, 53; Dec.
Dig. § 40.*]

Appeal from Special Term, New York County.

Action by Marie Brichta against J. Xavier Simon.  From an
order denying defendant's motion to vacate an order for his exam-
ination before trial, defendant appeals.  Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN,
LAUGHLIN, CLARKE, and SCOTT, JJ.

Clifford S. Bostwick, of New York City, for appellant.

Michael Schaap, of New York City (Charles H. Levitt, of Brook-
lyn, on the brief), for respondent.

LAUGHLIN, J.  This is an action for personal injuries alleged
to have been caused by the negligent operation of the defendant's
automobile on one of the public streets of the city of New York.
The liability of the defendant for the operation of the automobile
at the time and place in question is put in issue.  It is incumbent
on the plaintiff, therefore, to show whether the defendant was op-
erating the automobile, and, if not, his relationship to the person
who was operating it, and to that extent she was entitled to an
order for the examination of the defendant.  The defendant, how-
ever, denies all of the allegations of the complaint with respect to
negligence in operating the automobile, and nothing is shown to
indicate that his examination on that point would be favorable, or
is essential, to the plaintiff.

It follows, therefore, that the order should be reversed, with $10
costs and disbursements, and the motion granted, to the extent
of modifying the order for the examination of the defendant, by
limiting it to proof as to who was operating the automobile, and
the defendant's responsibility therefor.  All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes