CLAIRE PAYNE, Plaintiff, *v.* CHATHAM AND PHENIX NATIONAL BANK AND TRUST COMPANY, Interpleaded with MARY A. BRENNEN, Defendants.

Municipal Court of New York, Borough of Manhattan, Fifth District,
June 7, 1928.

**Depositions — examination of plaintiff before trial — action to recover money deposited in name of plaintiff, " Thomas J. Brennen, Attorney " — attorney is insane and his committee was interpleaded — committee is entitled to examination — Civil Practice Act, § 347, does not prevent examination — plaintiff required to produce books and papers for examination which will be limited to particular transaction.**

Money was deposited with the defendant trust company in the name of the plaintiff, " Thomas J. Brennen, Attorney." This action was brought against the trust company to recover the amount of the deposit.   The attorney is insane and his committee has been interpleaded and claims the money in question. The present motion for an examination of the plaintiff before trial is granted.

It is not a valid objection to the motion that the committee can obtain a statement of deposits and withdrawals from the bank, for the committee is entitled, under article 29 of the Civil Practice Act, to prove his case by plaintiff's testimony.   Furthermore, the committee presumably has no personal knowledge of the transaction, and is compelled to determine her rights through an examination of the plaintiff as to the transactions from which the deposit arose.

Section 347 of the Civil Practice Act, relating to testimony concerning conversations with an incompetent, cannot be raised by the plaintiff, for that section is for the benefit of the committee of the incompetent person, and said committee may waive its protection.

The committee is also entitled, under section 296 of the Civil Practice Act, to have the books and papers of the plaintiff produced and to examine the same with reference to the transaction in question, but the committee is not entitled in that examination to go beyond said transaction.

MOTION by defendant Mary A. Brennen for an order requiring plaintiff to appear for an examination before trial, and to produce certain books and papers on said examination.

*Jos. A. Byrne,* for the plaintiff.

*Peter P. McElligott,* for the defendant Mary A. Brennen.

CHILVERS, J.  Motion by Mary A. Brennen, an interpleaded defendant in the above-entitled action, for an order requiring the plaintiff to appear for an examination before trial and to produce certain books and papers on said examination.

The action was commenced to compel the defendant Chatham

and Phenix National Bank and Trust Company to pay to the plaintiff the balance, amounting to $500, of an account standing in the name of " C. Payne, Thomas J. Brennen, Attorney," alleging title to said balance in this plaintiff.

It appears that prior to the commencement of this action the above-named Thomas J. Brennen was declared an incompetent and committed to the Manhattan State Hospital for the Insane; that the defendant Mary A. Brennen, his wife, was duly appointed the committee of his property, both real and personal; that she notified the defendant Chatham and Phenix National Bank and Trust Company of her intention to claim the aforesaid balance as committee of said incompetent; that the bank has refused payment pending the outcome of this action, and that defendant Mary A. Brennen has been duly interpleaded, and in a separate and distinct defense to the complaint herein has claimed title to said balance as said committee.

In her moving papers the defendant Brennen states that, in order to sustain the allegations of her said defense, it is necessary that she examine the plaintiff as to the financial dealings between plaintiff and said Thomas J. Brennen, and particularly as to the source or sources and disposition of the funds in said account. It is also stated that the committee intends to use the deposition on the trial of the action.

The plaintiff opposes the examination on three main grounds:

(1) That the defendant Brennen can obtain a statement of deposits and withdrawals from the bank, and instead of so doing is attempting to cross-examine the plaintiff before trial.

(2) That such an examination would be productive of no results as the testimony would be inadmissible under section 347 of the Civil Practice Act, as conversations and transactions with an incompetent person.

(3) That the defendant Brennen is not entitled to the production of books and papers on this examination.

It is no ground for denial of the examination sought that the movant can secure the information elsewhere; indeed, that he himself possesses it. He is entitled, under article 29 of the Civil Practice Act (§§ 288–309), to prove his case out of the plaintiff's mouth, if that be possible. (*McGrath* v. *Blumenthal*, 220 App. Div. 781.)

Moreover, the contention that defendant is seeking to cross-examine the plaintiff is without merit. The defendant here, as the committee of the incompetent, seeks to examine plaintiff as to matters of which presumably she has no personal knowledge. It is not the case of a party who has dealt with his adversary, and for the purpose of preparing his cross-examination seeks to discover

how the adversary will testify.   On the contrary, the defendant can presumably get no help from the incompetent, and is compelled to seek her information from the plaintiff.

With respect to the second objection to the examination, a consideration of section 347 of the Civil Practice Act shows that such objection is unsound.   Section 347 is as follows:

" Personal Transaction or Communication Between Witness and Decedent or Lunatic.   Upon the trial of an action or the hearing upon the merits of a special proceeding, a party or a person interested in the event, or a person from, through or under whom such a party or interested person derives his interest or title by assignment or otherwise, shall not be examined as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interest against the executor, administrator or survivor of a deceased person or the committee of a lunatic, or a person deriving his title or interest from, through or under a deceased person or lunatic, by assignment or otherwise, concerning a personal transaction or communication between the witness and the deceased person or lunatic, except where the executor, administrator, survivor, committee or person so deriving title or interest is examined in his own behalf, or the testimony of the lunatic or deceased person is given in evidence, concerning the same transaction or communication.   *   *   * ''

This section is clearly for the benefit of the committee.   No witness is permitted to testify with reference to conversations or transactions with the incompetent *in his own behalf against the committee*, but there is nothing to prevent the committee calling an interested witness to prove his *own case*.   Indeed, the committee may waive his privilege by cross-examining the witness as to transactions with the incompetent or by testifying himself as to such matters.   (*de Laurent* v. *Townsend*, 243 N. Y. 130, 133; *Matter of Fitzpatrick*, 123 Misc. 779.)   In such a case no formal waiver is necessary.

The rule referred to in *Dean* v. *Halliburton* (241 N. Y. 354) is inapplicable.   In that case the committee permitted the witness to testify *in his own behalf* as to transactions with the incompetent. In the instant case the testimony will be used by the committee for the benefit of the incompetent, and such use will waive the provisions of section 347 above referred to.   What effect the taking of plaintiff's deposition will have on the rights of the parties in the event the committee refuses to introduce it at the trial is not before me.

The third contention, that the plaintiff's books and papers cannot be ordered produced on an examination before trial, is

untenable. Section 296 of the Civil Practice Act (as amd. by Laws of 1921, chap. 199) expressly provides for such production of books and papers. The scope of the examination is purely discretionary with the court, who may limit the introduction of evidence according to the circumstances of the case. (*Zeltner* v. *Fidelity & Deposit Co. of Maryland*, 220 App. Div. 21.)

The case of *Citizens Trust Co.* v. *Prescott & Son, Inc., No. 1* (221 App. Div. 420), cited by plaintiff, is not in point, for in that case a *notice of examination* and subpœna *duces tecum* had been served, and no order had been obtained requiring the production of the books and papers.

The motion for the examination of plaintiff before trial and for the production of the vouchers, bank books and bank statements is granted, but in the order to be entered herein defendant will be restricted to matters concerning the nature of the financial dealings between the plaintiff and Thomas J. Brennen, viz., in so far as they have direct bearing on the account in the Chatham and Phenix National Bank and Trust Company in the name of " C. Payne, Thomas J. Brennen, Attorney," the sources of the deposits in said account, and the disposition and use of said funds. Relevant portions of books and papers on which plaintiff is examined may be marked in evidence.

Settle order on notice.