THEODORE REISS and Another, Plaintiffs, *v.* BALLARD REALTY AND MORTGAGE CORPORATION, Defendant.

Municipal Court of New York, Borough of Brooklyn, First District, January 8, 1934.

*Reiss & Reiss*, plaintiffs, in person.

*Helfat & Liebman*, for the defendant.

SWEEDLER, J.   This is a motion pursuant to section 307 of the Civil Practice Act and rule 120 of the Rules of Civil Practice for an order appointing a referee to take the deposition of one Arnold D. Ajello, not a party to the action, to be used by the plaintiffs on a motion for summary judgment, which they are about to make.

The action is for legal services rendered to the defendant, and the moving affidavit sets forth that Arnold D. Ajello represented the defendant and was present at almost all of the transactions had between the parties to the action. It is further alleged that although the said Arnold D. Ajello has personal knowledge of the facts involved in this case, he has definitely refused to make any affidavit concerning them; and that his affidavit would be necessary to support an application for summary judgment.

Where a person not a party, whose affidavit or deposition is necessary for use upon a motion, refuses to make an affidavit of facts which the party desiring his testimony believes are within his knowledge, his testimony may be taken by deposition. (Civ. Prac. Act, § 307.) In accordance with this statutory provision, rule 120 of the Rules of Civil Practice provides as follows: " Where a party intends to make or oppose a motion in a court of record and it is necessary for him to have the affidavit or deposition of a person not a party to use on the motion, the court or a judge authorized to make an order in the case may make an order appointing a referee to take the deposition of such person. The order must be founded on proof by affidavit that the applicant intends to make the motion. * * * The affidavit must specify the nature of the action and must show that the deposition is necessary thereon and that such person has refused to make an affidavit of the facts which the applicant verily believes are within his knowledge."

It has been held that these provisions cover *all* cases where a party wishes to use a deposition on a motion, whether before or after judgment. (*O'Connor* v. *McLaughlin*, 80 App. Div. 305.) The defendant raises the objection that plaintiffs have not shown that the deposition is necessary. Such objection would be valid if by " necessary " were meant absolutely essential. I do not think, however, that the Legislature so intended. The word " necessary," as used in section 288 of the same article, dealing with examinations of adverse parties before trial, has been held to mean merely " needful " and not " indispensable " or " absolutely necessary." (*Terry* v. *Ross Heater & Mfg. Co., Inc.*, 180 App. Div. 714, 715.) It would seem that a similar construction should be given to the same word used in the same article, even though in a different section. Indeed, it has been definitely held that the word " necessary," as used in the section involved in the instant case, means that the person sought to be examined has knowledge of the facts and that they are relevant to the motion. (*Calvet-Rogniat* v. *Mercantile Trust Co.*, 46 Misc. 20, 24.) The proposed affidavit, annexed to the moving papers and which Arnold D.

Ajello has refused to give, is clearly relevant to a motion for summary judgment.

It seems to me, therefore, that plaintiffs have complied with all the requirements entitling them to the relief requested. Motion is granted. Bernhard Bloch, of 50 Court street, in the borough of Brooklyn, is hereby appointed as the referee to take the deposition of Arnold D. Ajello. Submit order.