STELLA WEINER, as Administratrix, etc., of SAMUEL WEINER, Deceased, Plaintiff, *v.* J. I. HASS, INC., and CHARLES GERSH, Defendants.

Supreme Court, Bronx County, January 31, 1936.

*Arthur B. Kelly,* for the plaintiff.

*Harold L. Grossman,* for the defendant.

HOFSTADTER, J. The plaintiff's intestate was struck by an automobile owned by the corporate defendant and operated by the defendant Gersh, and died without regaining consciousness. The plaintiff-administratrix, asserting her lack of personal knowledge, and her inability to locate any witnesses to the accident, seeks an order for a general examination of the defendant Gersh who it is stated was the only eye witness to the occurrence. The answer interposed admits ownership, operation and control and denies the allegations of negligence on the part of the defendants.

There is no statutory bar to the granting of a general examination in tort cases, but the courts of this department upon the considerations of a sound public policy have strictly limited such examinations in negligence cases. (*Shaw* v. *Samley Realty Co.,* 201 App. Div. 433, 435.) The policy of the Second Department (*Buehler* v. *Bush,* 200 App. Div. 206) and the Third Department (*Combes* v. *Maas,* 209 id. 330) is otherwise. The Court of Appeals in *Middleton* v. *Boardman* (240 N. Y. 552) refused to review the question on the ground that it presents a matter of discretion.

The policy of limitation announced in this department expresses a rule of discretion, and in a proper case where unusual circumstances are present, the rigidity of the rule may be relaxed, and a general examination permitted. (See *Schonhous* v. *Weiner,* 138 Misc. 759.) The court has the power to act in the premises, and I conceive that a situation where the plaintiff is without personal knowledge of the circumstances surrounding the accident that caused the death of the deceased; *is unable to locate any witnesses;* and where the denial of an examination might in effect preclude recovery, presents a state of facts which, in the interests of justice, requires the court to exercise that discretion by permitting a complete resort to the salutary provisions of the Civil Practice Act. (Civ. Prac. Act, § 288 *et seq.*)

While there is no reported opinion in this department on this point (Cf. *Davidson* v. *Newman,* 144 Misc. 95; *Maher* v. *Orange & Rockland Electric Co.,* 141 id. 573, *Swift* v. *General Baking Co.,* 129 id. 135), in the case of *Egan* v. *New York & Harlem Railroad Co.* (233 App. Div. 838) the court affirmed by a divided court, and without opinion, an order of Special Term denying a motion to vacate a notice of examination before trial in a precisely similar situation. In that case it appears from the record on appeal that the public administrator commenced an action to recover damages for the death of the plaintiff's intestate due to the alleged negligence of

the defendant. The affidavit of the plaintiff merely set forth the happening of the accident and his lack of personal knowledge as to the circumstances surrounding the event. The order appealed from directed an examination as to the time, place and manner in which the motorman operated the defendant's trolley car; the facts and circumstances attending the collision; whether or not any other person or vehicle was involved in said collision, and the position and activities of the decedent immediately preceding the accident. I deem this decision controlling and the motion is accordingly granted. Let examination proceed at Special Term, Part I, of this court at a time and date to be fixed on the settlement of the order to be entered herein.