LAUTUM REALTY CORP., Plaintiff, *v.* RODGERS & HAGERTY, INC., Defendant.

City Court of New York, Special Term, Bronx County, March 24, 1939.

*Irving Weiss,* for the plaintiff.

*Bandler, Hass & Collins [John F. Collins* and *Harry Merwin],* for the defendant.

DONNELLY, J. The action is brought to recover damages to plaintiff's building by the alleged negligent blasting operations

of the defendant during the course of its construction of a sewer in the street adjacent to plaintiff's property.

The pending motion is by plaintiff to examine defendant before trial on a number of items, among which is the method or methods used by defendant in connection with its shoring, blasting and dynamiting operations.

Section 288 of the Civil Practice Act provides: " Any party to an action   *   *   *   may cause to be taken by deposition, before trial, his own testimony or that of any other party which is material and necessary in the prosecution or defense of the action." It has been said that no words of limitation are to be found in the section itself, except that the deposition must be material and necessary for the prosecution or the defense of the action. (*Public National Bank* v. *National City Bank*, 261 N. Y. 316, 319, CRANE, J.) In the Appellate Division in this department, however, it was held that the right to examine defendants in tort cases is not to be allowed unless unusual circumstances exist, and this exception was created in the exercise of the court's discretion impelled, as the court said, by public policy. In this department there is a tendency to soften the rigor of the rule. Numerous instances are cited in *Schonhous* v. *Weiner* (138 Misc. 759), where the authorities are collated and discussed. In some of those instances the reason given was the plaintiff's inability to prove a cause of action without an examination of the defendant. In a later case (*Weiner* v. *Hass, Inc.*, 158 Misc. 181), HOFSTADTER, J., said: " The policy of limitation announced in this department expresses a rule of discretion, and in a proper case, where unusual circumstances are present, the rigidity of the rule may be relaxed and a general examination permitted. [Citing *Schonhous* v. *Weiner*, *supra*.] The court has the power to act in the premises, and I conceive that a situation where the plaintiff is without personal knowledge of the circumstances surrounding the accident that caused the death of the deceased; *is unable to locate any witnesses;* and where the denial of the examination might in effect preclude recovery, presents a state of facts which, in the interests of justice, requires the court to exercise that discretion by permitting a complete resort to the salutary provisions of the Civil Practice Act [Civ. Prac. Act, §§ 288 *et seq.*] " It is true that in death cases the rule is more liberal than in those actions in which death is not involved. But where, as at bar, the denial of the examination may preclude recovery, the " unusual circumstances " are presented which require the court to exercise its discretion by permitting the examination. Usually, it is practically impossible to prove negligence in blasting operations unless examination of the defendant be permitted. At least this appears to be true in the instant

case. Plaintiff's president alleges in his affidavit in support of the motion that he "is without precise knowledge of the exact methods which the defendant employs [employed] when excavating, dynamiting, blasting and shoring. And yet such knowledge thereof is necessary and material for the plaintiff in order to establish its cause of action." The affiant also alleges that damage to plaintiff's property has been sustained as the direct result of defendant's work, and that the defendant alone is familiar with its operations in connection with the construction of a sewer or sewer system. The language, "without precise knowledge of the exact methods" was not idly used. It was chosen deliberately, in my opinion, because of the situation suggested by the provisions of subdivision 1 of section 69 of article 4 of chapter 10 of the Code of Ordinances of the City of New York, which reads: "No person shall use in a blasting operation a quantity of explosives greater than necessary properly to start the rock; but the inspector of blasting shall have authority to prescribe the maximum quantity of explosives to be used." The plaintiff is in no position to show whether or nor a quantity of explosives greater than was necessary to start the rock was used, or whether or not the maximum quantity allowed by the inspector, if it was necessary for the defendant to call upon him to determine the quantity, was consistent with due care.

In *Booth* v. *Rome, W. & O. T. R. R. Co.* (140 N. Y. 267) it was held that the defendant could not conduct the operation of blasting on its own premises, from which injury might be apprehended to the property of his neighbor, without the most cautious regard for his neighbor's rights. In the case just cited it was also held that removal of the rock without blasting should, in certain instances, if practicable, be the method used even though at an increased cost, and that, if less powerful blasts might have been used, which, if used, would not have occasioned injury, or would have lessened it, the omission to use them might well be considered negligence. In short, the rule announced was, that reasonable care must be measured by the circumstances, so that, if there is one method that is less liable to cause damage than another, it must be used if it be practicable even though it may entail more expense. The only one who can give any information on these subjects is the defendant. There is, therefore, presented the "unusual circumstances" which, in the interests of justice, make the granting of plaintiff's motion imperative.

In *New York Telephone Co.* v. *City of New York* (248 App. Div. 474) plaintiff was held entitled to examination of defendant subway construction company concerning allegations of complaint that said construction company negligently left the telephone company's

wires exposed to hazard of fire by negligently permitting accumulation of inflammable material in proximity to wires. In the case just cited the examination which was allowed also permitted plaintiff to inquire into the method by which defendant conducted its operation so as to permit the inflammable material to become a source of danger to plaintiff's wires, cables, electrical conductors and appurtenances.

Motion granted as to all items except item 1; examination at Special Term, Part 2 of this court, April 5, 1939, ten A. M., and, on such examination the defendant will produce for the purpose of refreshing the recollection of the one who appears for examination, any and all records, books, data and contracts relative to the issues herein.