MARGARET J. PARSONS, Plaintiff, *v.* JOHN H. MOSS and GRACE M. Moss, Defendants.

Supreme Court, Special Term, Broome County, June 24, 1939.

*Couper, Terry & Turnbull* [*William V. L. Turnbull* of counsel], for the plaintiff.

*Keenan, Harrison & Coughlin* [*George C. Coughlin* of counsel], for the defendants.

GOLD (A. E.), J. The action is to recover for personal injuries following an automobile accident. The motion is to examine the defendant Grace M. Moss, before trial.

Plaintiff was riding in an automobile driven by the person sought to be examined. The car skidded, struck another car and turned over. There were three other passengers. One was killed and two seriously injured.

Plaintiff seeks to examine on the following matters:

" 1. The manner of operation and management of the automobile of the defendant John H. Moss at the time of and immediately preceding the accident set forth in the complaint herein.

" 2. The nature of the control being maintained by the said Grace M. Moss over said automobile at the time of and immediately preceding the accident mentioned in said complaint.

" 3. The nature and manner of the lookout kept by the said Grace M. Moss at the time of and immediately preceding the accident mentioned in said complaint.

" 4. The acts and circumstances causing the said automobile to leave the highway and overturn."

Plaintiff claims that the defendant is " the only person who has personal knowledge of the manner of the operation immediately preceding and at the time of the overturning of said automobile." She herself, she says, was riding in the back seat and has " but little memory of the facts preceding her injuries." One of the other passengers states that her only recollection of the accident is " skidding from one side of the road to the other toward another automobile, a terrific impact and then waking up in the hospital." The third passenger says that she was talking to another and that her attention was " wholly directed to her and not to the driver of the car nor the method or manner of the operation thereof."

Plaintiff contends, upon this showing, that the examination is necessary for the prosecution of the action. The defendants vigorously dispute it on these grounds among others: (1) Neither the plaintiff nor the other passengers show sufficiently that they are without any knowledge of the operation of the car; (2) an actual eyewitness of the accident (the driver of the other car) is available; (3) Mrs. Moss filed a report of the accident with the State which is open to public inspection; and (4) Mrs. Moss also testified in detail at a motor vehicle hearing (the defendants submit a synopsis of her testimony made by the hearing commissioner).

These considerations, persuasive as they seem, are not controlling. The term " necessary " as used in the statute does not mean indispensable. (Civ. Prac. Act, § 288.) " In passing it should be noted that the word ' necessary ' * * * does not mean ' absolutely necessary,' or ' indispensable,' but is used in the sense of ' needful,' a signification attributable to the word well recognized in the law." (Terry v. Ross Heater & Mfg. Co., Inc., 180 App. Div. 714, 717; Reiss v. Ballard Realty & Mtge. Co., 150 Misc. 34, 36.) The examination is not to be refused solely because the plaintiff or others have knowledge of the occurrence. " The fact that the moving party may be able to establish by other proof the matters sought to be elicited by the examination does not require the denial of the application." (Bailowitz v. Independent Congregation Wisdom of Man, 153 Misc. 306; concerning knowledge of the party seeking the examination, Wood v. American Locomotive Co., 250 App. Div. 816; Matza v. Monks, 245 id. 732; concerning knowledge of others, Green v. Selznick, 220 id. 12; Payne v. Chatham & Phenix National Bank & Trust Co., 132 Misc. 531, 532.)

The examination is sought in good faith and for no ulterior purpose. It bears directly upon matters which the plaintiff must prove to establish her right to recover. Skidding, by itself, is not negligence. (*Lahr* v. *Tirrill*, 274 N. Y. 112, 117.) More must be shown to sustain the burden of proof. (*Smith* v. *Levison*, 222 App. Div. 310.) The application is meritorious unless the nature of the action is itself a sufficient bar.

The statute makes no distinction between a tort action and any other kind. (Civ. Prac. Act, § 288.) Should there be a difference as a matter of discretion particularly in negligence cases? The Appellate Division of the First Department has so held. No general examination is permitted in negligence cases save under exceptional circumstances. (*Shaw* v. *Samley Realty Co.*, 201 App. Div. 433.) The rule in the other departments is to the contrary. (Second, *Nieves* v. *Citizens Savings Bank*, 243 App. Div. 816; Third, *Combes* v. *Maas*, 209 id. 330; Fourth, *Matter of Silverberg*, 243 id. 854.)

The reason given for the restriction on examination in the First Department is public policy. " It is difficult to see why public policy should differ in different parts of the state, particularly in the First and Second Departments." (Judicial Council, Third Annual Report [1937], at p. 252.) Nevertheless, the Court of Appeals has consistently refused to determine the conflict on the ground that the scope of examination before trial rests in the sound discretion of the Supreme Court. (*Middleton* v. *Boardman*, 240 N. Y. 552; *Public National Bank* v. *National City Bank*, 261 id. 316.)

The rule in the First Department is far from inflexible. Examinations have been permitted on the question of control (*Brichta* v. *Simon*, 152 App. Div. 832); notice of a defective condition (*Kessler* v. *North River Realty Co.*, 169 App. Div. 814); and even liability when denial of the examination would leave the party seeking it without any proof. (*Weiner* v. *Hass, Inc.*, 158 Misc. 181; *Schonhous* v. *Weiner*, 138 id. 759; *West* v. *Coney Island & Brooklyn R. R. Co.*, 126 id. 674; see Examinations before Trial in Negligence Cases in the First and Second Departments, N. Y. L. J. Aug. 30, Aug. 31 and Sept. 1, 1937.) There are some indications, however, that the rule may be further relaxed. (*New York Telephone Co.* v. *City of New York*, 248 App. Div. 474; *Laurino* v. *Pratt*, 222 id. 742; *Schonhous* v. *Weiner*, *supra*, at p. 760.)

The limitation on examination in negligence cases has not escaped criticism. (*Parker* v. *Burgoyne*, 167 Misc. 542; *Schonhous* v. *Weiner*, *supra*.) Authoritative proposals have been made to annul it by legislation but thus far without success. (Report of the

Commission on the Administration of Justice in New York State, N. Y. Legis. Doc. [1934] No. 50, p. 333; The Judicial Council, Second Report [1936], p. 156; Third Annual Report [1937], p. 252; Fourth Annual Report [1938], p. 53.)

The attitude of the Appellate Division in this department has been made abundantly clear. The rule first announced in *Combes* v. *Maas* (*supra*), has lately been repeated in unmistakable language. (*Breault* v. *Embossing Co., Inc.*, 253 App. Div. 175.) In granting a general examination of the plaintiff in a negligence action, the court said (at pp. 176, 177): " We have recently held (*Brand* v. *Butts*, 242 App. Div. 149) that the right to examine an adverse party is practically unrestricted. All the older authorities on the subject are no longer valuable as precedents. * * * An application to examine an adverse party should not be denied where it is necessary or useful in establishing a cause of action on behalf of the plaintiff or an affirmative defense upon the part of the defendant. The time has come when courts should let it be definitely understood that the practice of examining an adverse party before trial should not be hampered by technical requirements so long as the inquiry is directed to relevant issues. The power to permit a general examination exists and the exercise of such power lies in the discretion of the court. The trend of present day thought is to permit great liberality in such examinations."

These views are in harmony with modern legal research and experience (Sunderland, Scope and Method of Discovery before Trial, 42 Yale Law Jour. 863 [1933]). Fourteen jurisdictions in the United States and Canada now permit unrestricted examination on all issues, of parties and witnesses or parties alone. (1. Oral examination of parties and witnesses, Illinois, Indiana, Kentucky, Missouri, Nebraska, New Hampshire, Ohio, Texas and Ontario; 2. Oral examination of parties only, Wisconsin, Colorado and Quebec. 3. Written interrogatories of parties only, Alabama, Iowa, Louisiana and Massachusetts. This information is taken from the Third Annual Report of the Judicial Council, p. 248, footnote 3.) " With respect to the improvement in the just consummation of a litigation, the experience of the jurisdictions permitting free and full discovery before trial has been that the procedure makes litigation no longer a game of skill or chance, but a system for bringing out the truth." (Report of the Commission on the Administration of Justice in New York State, N. Y. Legis. Doc. [1934] No. 50, p. 327.)

The unmistakable trend is strikingly indicated by the new Rules of Federal Practice, which permit oral examination of witnesses as well as parties on all issues (Rules 26 and 30, 28 U. S. C. A., following § 723-c, effective September 16, 1938; Pike and

Willis, The New Federal Deposition-Discovery Procedure, 38 Col. Law Rev. 1179–1196; 1436–1459 [1938].) Substantially the same procedure, except as to witnesses, was recommended by the Judicial Council of this State in 1936, 1937 and 1938. (Second Annual Report [1936], p. 163; Third Annual Report [1937], p. 41; Fourth Annual Report [1938], p. 52.) The recommendation was withheld this year to study the results of the enlarged practice in the Federal courts. (Fifth Annual Report [1939], p. 45.)

The advantages of a liberal exercise of discretion in discovery procedure clearly outweigh the disadvantages. (3 Wigmore on Evidence [2d ed.], p. 925.) Issues may be clarified, surprise minimized, perjury reduced and trials shortened. Additionally, examinations may eliminate trials altogether by encouraging just settlements and discouraging baseless claims.

The Judicial Council recently expressed its belief that " the principle of disclosure as opposed to concealment of evidence by the parties is of the utmost importance in the administration of justice in this State." (Fourth Annual Report [1938], p. 53.) There appears to be no good reason for any special restriction on examination in negligence cases which comprise from sixty to eighty per cent of trial calendars. (Judicial Council, Second Annual Report [1936], p. 163.) Indeed, there is justification for even more liberality, particularly in automobile accident litigation which has been under so much criticism in recent years. This aspect of the matter is well summarized in a recent book covering the whole problem of discovery procedure (Ragland, Discovery before Trial, pp. 256, 257): " The signs of the times indicate that unless the judicial system can speedily devise some way of remedying the situation, measures akin to the industrial accident compensation plan will be introduced. * * * An oral examination for discovery affords as simple a way of arriving at the truth in automobile accident cases as could be had under any administrative tribunal. It has all of the elements of informality, avoidance of the ultra-technical rules of evidence, and general conciliation features, which any of the existing workmen's compensation plans affords. And it has the advantage that it is more easily adapted to, and supervised by, the existing judicial organization. It is integrated with the regular structural plan of the courts, and the business of lawyers, rather than being a separate system in itself. While possessing many of the advantages of extra-judicial procedure, it has less disadvantages."

The motion is granted. Settle order on notice.