S. Robert Taylor, Plaintiff, *v.* L. C. Smith & Corona Type-writers, Inc., Defendant.*

Supreme Court, Special Term, Onondaga County, December 26, 1942.

*Irving Davis* and *Emil K. Ellis* for plaintiff.

*Mackenzie, Smith & Mitchell* for defendant.

SEARL, J. This action is brought in contract. The complaint alleges that the plaintiff and defendant entered into an oral contract in the year 1936, in the State of Massachusetts, by the terms of which James B. McCormick, vice-president of the defendant, on behalf of the defendant, agreed to pay plaintiff certain commissions and expenses based on the gross sales of typewriters obtained through the efforts of the plaintiff, and to customers, outlets and distributors obtained by plaintiff. The complaint further alleges performance on the part of both parties until September 1, 1941, after which plaintiff claims defendant refused to pay commissions on sales to customers obtained by plaintiff, and demands certain sums claimed to be due.

Plaintiff pleads by way of an additional cause of action that the plaintiff entered into a joint venture with defendant, that the laws of the State of Massachusetts provide that " where parties enter into a joint venture for the promotion, effectuation and exploitation of a particular purpose or plan, the joint venture is said to continue " as long as the purpose of the plan continues to be pursued. Damages accordingly are demanded.

Defendant's answer is substantially a general denial together with a plea that any alleged agreement is barred by the Statute of Frauds.

As to the first motion, plaintiff asks to examine James B. McCormick, vice-president, and J. J. McCormick, an employee, upon certain matters claimed to be material and necessary in the prosecution of the action. The moving papers fail to show the necessity of the examination of J. J. McCormick. It does not appear that he was in any way a party to the transaction or that he has in his possession or control any papers, records or documents necessary to be produced. Therefore, as to his examination the motion must be denied.

The alleged oral agreements through which the defendant is sought to be bound were all made, so far as the papers disclose, by defendant's vice-president, James B. McCormick. Defendant contends that " since the information concerning which plaintiff seeks to examine the defendant is in his possession and the facts pertaining thereto within his own knowledge, the proposed examination before trial is not material and necessary to the prosecution of the case; that the only possible purpose of such an examination is to conduct an inquiry not warranted under the statutes and to harass the defendant.''

The natural reaction would seem to be that if plaintiff and James B. McCormick, representing defendant, had one or more conversations that represented the agreement, plaintiff, were his memory normal, should know as much about the substance of their talks as Mr. McCormick, the other participant. In that case, would not the only purpose be to bind the latter for the purpose of future cross-examination upon the trial, leaving the plaintiff unfettered by a record and free to ferret his way around the pitfalls? The weight of authorities, however, hold that all the movant must show is that the examination is " needful,'' not in all cases " necessary.''

In the First Department, we find the court has not disapproved the finding in *Payne* v. *Chatham & Phenix National Bank & Trust Co.* (132 Misc. 531), to the effect that it is no ground for the denial of the examination sought that the movant can secure the information elsewhere; indeed, that he himself possesses it, and that he can prove his case out of his opponent's mouth, if that is possible.

In the Second Department, Justice GAYNOR, as far back as *Richards* v. *Whiting* (127 App. Div. 208), held that if a moving party has other evidence on the issue, it is not a reason for refusing to allow him to examine his adversary on the issue. This was followed in *Shul Tan Realty Corp.* v. *Coney Island Estates, Inc.* (223 App. Div. 772), which was to the effect that an examination cannot be refused because plaintiff had knowledge thereof, and in *Comiskey* v. *Cross* (224 App. Div. 759) to the same effect.

The Third Department, in *Combes* v. *Maas* (209 App. Div. 330), took even a more liberal view, holding that the Court, in its discretion, could order a general examination and need not limit the examination to an issue on which the moving party has the affirmative.

The Fourth Department has taken the attitude in *Drake* v. *Line-A-Time Mfg. Co., Inc.* (226 App. Div. 717), that testimony

cannot be held to be unnecessary merely because plaintiff may have knowledge of the facts sought to be proved.

Later, Justice LEWIS held in *Hillick* v. *Edwards & Son* (143 Misc. 277) that plaintiff's knowledge of the contents of a medicine that had been analyzed and was known to plaintiff was not a defense to an application by plaintiff to take the testimony of an adverse party in relation thereto and that if the purpose of the plaintiff was to use the books, records, et cetera, to refresh the memory of the witness in order to secure competent evidence in a deposition to be read at the trial, the purpose was proper and legitimate, but held that such inspection should be made under supervision of a referee at the office of the corporation.

The Fourth Department, in 235 App. Div. 893, modified, but, in the main, affirmed the holding of Justice LEWIS.

The Court of Appeals in *Public National Bank* v. *National City Bank* (261 N. Y. 316) spoke in an opinion by Judge CRANE, to the effect that: " The right to examine a party before trial is not made dependent as a matter of law upon the purpose or necessity to use his evidence to establish an affirmative claim or defense. It is discretionary with the courts to permit an examination of a party, even where the burden of proof is entirely with that party. Thus, a defendant may, under proper conditions, have an examination of a plaintiff, even though the answer contain no affirmative defenses and only general denials. In other words, the matter is discretionary with the court, although we recognize the wisdom of the practice adopted in the Appellate Divisions for the guidance of this discretion, and which confines the examination of a party to the occasion where it is necessary or useful in establishing the plaintiff's case or an affirmative defense, thus preventing the so-called fishing expedition to get evidence."

In the instant motion, therefore, the plaintiff is entitled to examine James B. McCormick, vice-president of the defendant, at the office of the defendant corporation, upon five days' notice to the attorneys for the defendant, upon the questions specified in plaintiff's notice of motion, with the exception of those matters contained in paragraphs 8, 9, 10, 11 and 14, the substance of which is hereinafter referred to. Any records or papers in the possession of the defendant existing solely as between plaintiff and defendant may be examined and referred to on the examination, for the purpose of refreshing the memory of the witness. If the parties are unable to agree as to the limit or scope of such examination as within the terms of this order,

the court will appoint a referee to supervise the same upon motion of either party.

As to the second motion, brought on by an order to show cause as to why an order should not be granted directing a separate trial of all the issues, except that of damages, before and prior to the determination as to the amount of damages, subdivision 3 of section 443 of the Civil Practice Act provides: "3. The court, in its discretion, may order one or more issues to be separately tried prior to any trial of the other issues in the case."

Plaintiff opposes this application upon the theory that subdivision 3 of section 443 was enacted solely to provide the means of a speedy trial of issues " *not relating to the merits;*" that it has been found useful and applied in instances of confession and avoidance, such as a general release, et cetera; and that there is no reason for severing a breach of contract action as to the merits and as to damages any more than would be necessary for severing the trial as to each of several affirmative defenses.

Defendant urges that the instant action virtually amounts to an " accounting;" that the plaintiff claims commissions on sales approximating $200,000; and that the work of segregating from the total sales of defendant the models, numbers, and types of typewriters sold between the years 1936–1941, and to date, bills of lading, cancelled checks and other data required in plaintiff's demand for an examination at this time, would seriously cripple and impede the work in which defendant corporation at this time is engaged.

The answering affidavit of an attorney for the defendant, dated October 9, 1942, in opposition to plaintiff's application in his motion to examine before trial an officer and an agent of defendant, shows that the facilities of the defendant are now engaged " *almost entirely* " in the production of war materials under contracts with the United States Government for use by the various armed services. Defendant's affidavit, verified December 16, 1942, in its motion, under subdivision 3 of section 443 of the Civil Practice Act, for an order to try separately the two issues of the case, is to the effect that " the facilities of the defendant at the present time are fully engaged in the manufacture of implements of war under contracts with the United States Government and the various Armed Services." Thus, in a comparatively short space of time the business of the defendant has changed from partial to all-out war production. We must accept as true defendant's claim that to search out and segregate at this time all of the minute bills of lading, can

celled checks, correspondence with dealers, and other data, would "take away from vital duties employees engaged in war work."

True, there is no exact precedent for such an order, nor in the cause of free men throughout the world has there been a precedent similar to the present emergency. Both counsel and litigants would patriotically give way to some delay in the final conclusion of this litigation were they to weigh the possibility of taking from our men in far-flung fields the guns or ammunition needed for our defense.

Although there is some precedent for separating the issues, such as found in *Crandall* v. *Ford Motor Co.* (260 App. Div. 380 [3rd Dept.]) where plaintiff brought an action for damages "through the claimed unauthorized use by the defendant of a device which it is alleged plaintiff originated and developed," having to do with an attachment of the aerial connected with the radio installed in thousands of automobiles manufactured by defendant, the point raised herein was not involved. However, in a *per curiam* opinion, the court said: "Upon the trial of this case the question of defendant's liability may be determined following a comparatively brief trial. Should it be determined that liability exists the accounting and computation of the damages will be long and involved. These two issues should be tried separately." (See also, *Strauss & Co., Inc., v. American Credit Indemnity Co.,* 203 App. Div. 361; *City of New York* v. *Interborough Rapid Transit Co.,* 134 Misc. 827.)

Plaintiff justly argues that he is entitled to a jury trial on all the issues raised by the pleadings and that he should not be subjected to a duplication of expense attendant on two separate trials. It is not to be understood that the ruling is to be considered as a precedent under normal conditions. If so, it might be urged that in all contract or tort actions the question of liability should first be decided. Judicial discretion has not thus far been abused. It is stretched in this case only on account of the exigency of the emergency.

Let an order provide that all issues raised by the pleadings outside the issue of damages be tried first. In the event the plaintiff succeeds, there will remain virtually a question of computation only. Therefore, no great harm can follow to either litigant in the instant case.

Order accordingly.