June De Maria, Plaintiff, *v.* Elizabeth Gaidusek, Defendant.

Supreme Court, Special Term, Broome County, May 28, 1946.

*Abraham Lublin* for plaintiff.

*Theodore Levene* for defendant.

Deyo, J. By this motion the plaintiff seeks an examination before trial of Frank Monico and John Kushner, as witnesses of an alleged brawl which it is claimed took place in the defendant's saloon between patrons of the defendant, and as a result of which, the plaintiff suffered injuries.

" Other special circumstances " under which a person may be examined before trial as a witness, pursuant to section 288 of the Civil Practice Act, are not limited to such circumstances as would make the presence of witnesses at the trial doubtful or uncertain. (*De Maria* v. *Gaidusek*, 186 Misc. 340.)

In the case of Frank Monico, it is alleged that he is a relative of the defendant, was acting as her employee or servant at the time of the occurrence, and has declined to talk with the representatives of the plaintiff relative to the affair. These facts seem to me to constitute the " special circumstances " required by the section, and to warrant his deposition being taken. (*Gillette* v. *Warren*, 175 Misc 614, affd. 260 App. Div. 900; *Angell* v. *Booth*, 169 Misc. 735; *Kotopoulos* v. *Kotopoulos*. 53 N. Y. S. 2d 932.)

In the case of John Kushner some of these elements are missing. He is neither a relative nor has he declined to give information. About all that has been shown is that he was present and was helping the defendant at the time of the fracas. In my opinion, this not sufficient to constitute the "special circumstances" required by the section and an examination of him will be denied.

I am of the opinion that once it has been satisfactorily demonstrated that an examination should be had, whether by reason of the probable absence of the witness from the forum or for "other special circumstances", its scope is limited only by what is "material and necessary". If the plaintiff is to recover she must prove that the brawl resulted from the sale by the defendant of intoxicating beverages to a person or persons known to be already under the influence of liquor, and that the defendant failed to take proper precautions to prevent other patrons, including the plaintiff, from being injured as a result of such occurrences. The various matters upon which the plaintiff seeks an examination seem to me to be material and necessary for such proof. The fact that the plaintiff may be able to secure this information elsewhere does not deprive her of her rights. (*Green* v. *Selznick*, 220 App. Div. 12; *Parsons* v. *Moss*, 171 Misc. 828; *Slattery* v. *Parsons*, 17 N. Y. S. 2d 6.) I fail to see any distinction on this score between the examination of a party and a witness.

The motion will be granted as to Frank Monico and denied as to John Kushner. If the parties are unable to agree as to the time and the place of the examination and before whom it shall be held, the court will make suitable direction therefor in the order.