GEORGE KREIS, Plaintiff, *v.* WILLIAM R. BUTLER et al., Defendants.
GEORGE KREIS, as Executor of AGNES KREIS, Deceased, Plaintiff,
*v.* WILLIAM R. BUTLER et al., Defendants.

Supreme Court, Special Term, Onondaga County, January 28, 1950.

*R. J. & P. R. Shanahan* for William R. Butler, defendant.

*Brown, Mangin & O'Connor* for Earl Ostrander, defendant.

*Wilfred E. Hoffman* for plaintiffs.

MALPASS, J. This is a motion in behalf of the defendants for an order vacating a notice of examination before trial of the defendants upon the ground that as a matter of law the plaintiff is not entitled to an examination on the matters with reference to which the examination is sought and on the further ground that the application therefor was not timely made.

The action is brought to recover damages arising out of an automobile accident which occurred on the 27th day of November, 1948. The defendant, Earl Ostrander, was the owner of an automobile involved in the accident which, at the time was being operated by the defendant, William R. Butler. The plaintiff in each action alleges that the said Butler was operating the automobile with the knowledge and consent of the defendant Ostrander. Each of the defendants have denied this allegation of the complaint. The notice of examination contains nine separately numbered paragraphs stating matters concerning which it is sought to examine the defendants. All of these matters except those numbered " 7 " and " 9 " relate to facts which are relevant to the question of whether or not the defendant Butler was operating the Ostrander automobile with the knowledge and consent of the defendant Ostrander. In my opinion these are proper subjects for examination of the defendants before trial. (*Angell* v. *Booth*, 169 Misc. 735; *Sturckler* v. *Lux*, 233 App. Div. 799; *Crellin* v. *Van Duzer*, 267 App. Div. 744; *Brichta* v. *Simon*, 152 App. Div. 832.)

The subjects mentioned in paragraphs " 7 " and " 9 " of the notice of examination are, in my opinion, improper subjects to be covered in an examination before trial. Paragraph " 7 " relates to the names and addresses of persons who have ever been passengers in the automobile when it was operated by the defendant Butler. This amounts to an inquiry as to the names of possible witnesses, which is not the function of an examination before trial. (*Kosiur* v. *Standard-North Buffalo Foundries*, 255 App. Div. 930.) Paragraph number " 9 " relates to matters which occurred subsequent to the accident and are immaterial and are, therefore, not a proper subject for examination.

The moving papers disclose no valid reason why the examination should be denied on the ground that the application therefor was not timely made. The mere lapse of time between the commencement of the action and the notice of examination is not sufficient reason for vacating the notice on the ground of laches. (*Schwartz* v. *Taylor & Co.*, 225 App. Div. 899; *Keilly* v. *Schamarock*, 266 App. Div. 692.)

An order may be entered herein modifying the notice of examination by striking out paragraphs " 7 " and " 9 " and otherwise permitting the notice of examination to stand and directing the defendants to appear for said examination before W. Newton Clarke, Esq., as Referee, at a time and place to be fixed in the order, without costs.