TURK v. H. KOEHLER & CO.

(Supreme Court, Appellate Division, First Department.   April 7, 1911.)

1. DISCOVERY (§ 58*)—EXAMINATION BEFORE TRIAL—APPLICATION—REQUI-
SITES.
Where neither the affidavit nor the order for the examination of a
corporation before trial gave the name of any officer of defendant whose
examination was sought, as required by Code Civ. Proc. § 872, subd. 7,
it was fatally defective.
[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 58.*]

2. DISCOVERY (§ 59*)—APPLICATION—AFFIDAVIT—SERVICE.
Code Civ. Proc. § 875, authorizing an examination of an adverse
party before trial, provides that a copy of the order and affidavit on
which it was granted must be served on the attorney for each party to
the action in like manner as a paper in the action, or, if a party has not
appeared, it may be served as directed by the order.   *Held*, that where
a defendant corporation, sought to be examined before trial, had ap-
peared, a copy of the order for its examination should have been served
on its attorney.
[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 59.*]

Appeal from Special Term, New York County.

Action by Regina Turk against H. Koehler & Co.   From an order
denying a motion to vacate an order for examination of defendant
before trial, it appeals.   Reversed, and motion to vacate granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT,
MILLER, and DOWLING, JJ.

Jerome Koehler, for appellant.
Mortimer W. Solomon, for respondent.

DOWLING, J.   Plaintiff obtained an order for the examination
before trial of defendant, a domestic corporation, in an action brought
to recover damages claimed to be due to the carelessness, negligence,
and improper conduct of defendant in its maintenance of certain prem-
ises owned by it in the city of New York; the particular question to
which the examination was directed being defendant's ownership of the
premises.   The affidavit upon which the order was based did not give
the name of any officer of defendant whose examination was sought,
nor did the order name such person.   Section 872, subdivision 7, Code
of Civil Procedure, provides as follows:

"And if the party sought to be examined is a corporation, the affidavit
shall state the name of the officers or directors thereof, or any of them whose
testimony is necessary and material, and the order to be made in respect
thereto shall direct the examination of such persons.   *   *   *"

[1] Both the affidavit and order in question failed to comply with
this requirement.   [2] Furthermore, the order directed that service
thereof should be made upon the attorneys for defendant, or upon E.
J. Koehler, on or before a specified date.   Section 875, Code of Civil
Procedure, requires that:

"A copy of the order, and of the affidavit upon which it was granted, must
be served upon the attorney for each party to the action, in like manner as

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a paper in the action; or, if a party has not appeared in the action, they must be served upon him as directed by the order."

Defendant herein having appeared, its attorney should have been served with a copy of the order.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion to vacate the order for examination granted, with $10 costs. All concur.