S. & E. Motor Hire Corporation, Appellant, v. New York Indemnity Company, Respondent.*

First Department, May 2, 1930.

---

* Revg. 134 Misc. 514.

*George H. Engelhard* of counsel [*Lewis A. Pinkussohn* with him on the brief; *Engelhard, Pollak, Pitcher & Stern,* attorneys], for the appellant.

*Everett W. Bovard,* for the respondent.

O'MALLEY, J.  Plaintiff seeks reimbursement from the defendant insurance company for an amount paid on account of a judgment recovered against plaintiff by Charles Nelson.  This judgment represents damages for personal injuries inflicted upon Nelson by reason of plaintiff's negligence.  The defendant resists the claim upon the ground that it is not within the policy held by the plaintiff for the reason that the driver of plaintiff's automobile truck which caused the accident was less than eighteen years of age.

It is conceded that the driver was under eighteen years and was, therefore, operating the truck in violation of law.  Under a provision of the policy this relieved the defendant from liability; and unless there was a waiver of the violation by the defendant, plaintiff may not recover.  The plaintiff contends there was such waiver.  The learned trial justice has taken a contrary view and dismissed the complaint upon the merits.  Plaintiff urges reversal upon the ground that there was a waiver as a matter of law.  The respondent, on the other hand, contends that the issue fairly pre-

sented a question of fact and that the finding of the trial court may not be disturbed.

The accident which resulted in Nelson's injuries occurred October 18, 1924. The plaintiff's chauffeur, whose real name was Harry Green, was without an operator's license. He had in his possession one issued to Edward J. Cluen, and was known to the plaintiff under such name. On October twentieth, two days following the accident, plaintiff's representative secured an affidavit from Green in which he gave his age as eighteen years. This was immediately submitted to the defendant. On the following day the defendant itself secured another affidavit from Green in which he gave his age as twenty years. On the day following there was submitted by the defendant's supervisor of claims, Albert Legg, a memorandum to Mr. Zandstra, superintendent of defendant's automobile department. This recited that the driver was twenty years of age, but that he " looks much younger than he claims he is." It further stated that Green, upon his arrest, at first exhibited a chauffeur's license, but had later told the police officials " that he had no chauffeur's license, but that the one he was carrying belonged to someone else." Legg further advised that Green had told the police officers that he had adopted the name Cluen in order to have the license appear regular. The memorandum closed with a suggestion that the defendant make further investigation for the purpose of determining whether it would be advisable to continue on the plaintiff's risk.

As a result of this suggestion, John T. Scanlon, the insurance broker who had obtained the policy for the plaintiff, was called into conference and was interviewed by Zandstra and the defendant's president, Lindville. Scanlon testified that both Zandstra and Lindville spoke of the defendant's desire to cancel plaintiff's policy; that Zandstra gave as a reason that the plaintiff " hired chauffeurs of any type  *  *  *  without a license and irrespective of age; " that Lindville spoke about the frequent accidents which the plaintiff had and the reckless way in which it carried on its business in that it " hired chauffeurs of any type, irrespective of age or license." This interview took place in the latter part of November, 1924.

Concededly the defendant undertook the defense of Nelson's action and continued in charge until the case was called for trial, March 11, 1925. Then, for the first time, according to the defendant's claim, it learned that Green was under eighteen years of age. This information was disclosed to the defendant's trial counsel by counsel for Nelson. The defendant then refused to proceed with the defense and by stipulation it was agreed that Nelson's action might be settled without prejudice to the rights of the plaintiff

or the defendant. Judgment in Nelson's favor was entered by consent in the sum of approximately $10,000, and it is for this sum that suit is here brought.

In the circumstances disclosed we are of opinion that there was waiver on the defendant's part. Immediately following the accident it had in its possession two affidavits of Green, in one of which he gave his age as eighteen years, and in the other as twenty. In addition, the defendant's own employee, Legg, reported to it that Green had no license; that he was using an assumed name, and that while he gave his age as twenty, he looked to be much younger. Defendant's president and its employee, Zandstra, in their conference with Scanlon, the broker, directly charged that the plaintiff was hiring chauffeurs irrespective of age. It is fairly to be inferred that such statements on the part of defendant's representatives were prompted because of suspicions aroused in connection with the accident here involved. Knowledge of these facts was sufficient to put the defendant on inquiry as to the age of the driver.

The rule is well established that where an insurer, having actual knowledge of the facts constituting a violation of a policy, undertakes or continues, under the terms of the policy, the defense of an action brought against the insurer and covered by the policy, the insurer cannot later disclaim liability because of such violation. (*Titus* v. *Glens Falls Insurance Company*, 81 N. Y. 410; *Brassil* v. *Maryland Casualty Co.*, 147 App. Div. 815; *Rosenbloom* v. *Maryland Casualty Co.*, 153 id. 23; *Rosenwasser* v. *Globe Indemnity Company*, 224 N. Y. 561; *Gerka* v. *Fidelity & Casualty Co.*, 251 id. 51.) The rule applies equally to cases where the insurer, without actual knowledge of the facts constituting the violation, has information sufficient to put it upon inquiry. (*Glens Falls Cement Co.* v. *Travelers' Ins. Co.*, 11 App. Div. 411; affd., 162 N. Y. 399; *Reynolds* v. *Commerce Fire Ins. Co.*, 47 id. 597; *Skinner* v. *Norman*, 165 id. 565; *Fidelity & Deposit Co.* v. *Queens County Trust Co.*, 226 id. 225.)

In *Reynolds* v. *Commerce Fire Ins. Co.* (*supra*) it was said (p. 604): " * * * whatever is notice enough to excite attention, and put a party upon his guard and call for inquiry, is notice of everything to which such inquiry might have led. When a person has sufficient information to lead him to a fact, he shall be deemed conversant with it."

In *Fidelity & Deposit Co.* v. *Queens County Trust Co.* (*supra*) it was said (p. 233): " One who has reasonable grounds for suspecting or inquiring ought to suspect, ought to inquire, and the law charges him with the knowledge which the proper inquiry would disclose. Actual notice may be proved by direct evidence or it may be inferred

or implied. Actual knowledge is not required. Actual notice embraces all degrees and grades of evidence, from the most direct and positive proof to the slightest circumstance from which a jury would have been warranted in inferring notice. If a person has knowledge of such facts as would lead a fair and prudent man, using ordinary thoughtfulness and care, to make further accessible inquiries, and he avoids the inquiry, he is chargeable with the knowledge which by ordinary diligence he would have acquired. Knowledge of facts, which, to the mind of a man of ordinary prudence, beget inquiry, is actual notice, or, in other words, is the knowledge which a reasonable investigation would have revealed."

It follows that the judgment should be reversed, with costs, and judgment directed for the plaintiff in the amount sued for, with interest and costs.

DOWLING, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Judgment reversed, with costs, and judgment directed to be entered in favor of plaintiff for $10,054, with interest thereon from April 13, 1925, and costs.