PAULA P. CONN and Another, Plaintiffs, *v.* THE WILLIAM HENGERER COMPANY and Another, Defendants.

Supreme Court, Erie County, July 6, 1934.

*Alfred D. Conn*, for the plaintiffs, for motion.

*Rann, Vaughan, Brown & Sturtevant* [*Raymond C. Vaughan* of counsel], for the defendants, opposed.

HARRIS, J. Plaintiffs herein ask to examine the defendant corporations on matters pertinent to her and his cause of action and which matters apparently are peculiarly within the knowledge of the defendants. The order asked for is one " directing an officer of each of the defendant corporations to appear * * * and to give testimony as to " matters stated in the notice of motion.

The defendants attack this application on the ground that the statute and rules require that when an examination of a corporation is desired, it is necessary to give the name or names of the

officer or officers to be examined and to designate the office or offices held by such persons. If this is so, then, of course, the motion must be denied on account of the language in the notice above quoted. Undoubtedly under section 872 of the Code of Civil Procedure this was the rule. (*Turk* v. *Koehler & Co.*, 144 App. Div. 53.) However, the Code of Civil Procedure has been supplanted by the Civil Practice Act for the purpose of liberalizing procedure, and in place of the provisions of section 872 of the Code of Civil Procedure we now have sections 288 to 296 of the Civil Practice Act and rules 122 and 123 of the Rules of Civil Practice. Section 289 of the Civil Practice Act provides that the testimony of a corporation may be taken by the testimony of one or more of its officers, directors, managing agents or employees. Section 290 provides in part that the notice shall state in writing " 3. The name or names of the persons to be examined." Rule 122 provides: " If an adverse party * * * whose testimony is sought, be a corporation, * * * the affidavit must state the office or position in such corporation * * * held by the person whose testimony is material and necessary." A study of such sections and rules of the Civil Practice Act and their comparison with the provisions of the Code of Civil Procedure lead me to the conclusion that a fair construction of the now existing provisions is that the testimony of a corporation may be taken by examining one or more of its officers, directors, managing agents or employees and that in applying for such examination, it is necessary for the moving parties to at least designate the office or type of office held by the person to be examined but that it is not necessary to give the name of such person if such name is not known. Even though this be the rule, the plaintiffs have not complied with such rule because they have asked for the examination of " an officer " and this may mean " any officer." Such a specification does not inform the defendants as to whom is to be examined. The use of the term " an officer " is subject to the same criticism as was the use of the term " all officers " referred to in *Bartholomay Co., Inc.*, v. *Regan* (123 Misc. 489).

In view of the indefiniteness of the notice in respect as to whom is to be examined, the motion of the plaintiffs is denied, with leave to renew if further and sufficient cause can be shown.