MEYER BAILOWITZ and Others, Appellants, *v.* INDEPENDENT CONGREGATION WISDOM OF MAN OF PLINSK, Respondent.

Supreme Court, Appellate Term, Second Department, October 18, 1934.

*George Zinberg,* for the appellants.

*Isidore Goodman,* for the respondents.

PER CURIAM. Order dated June 6, 1934, denying, upon reargument, plaintiffs' motion for an examination before trial, unanimously reversed upon the law, with ten dollars costs to appellants, and motion granted.

Appeal from order of May 29, 1934, dismissed. This order was in effect vacated by the granting of the motion for reargument.

Whether examinations of an adverse party before trial should be granted rests in the sound discretion of the court, but that discretion should be exercised liberally with the view of ascertaining the truth. It may be stated as a general rule that an examination of an adverse party concerning matters as to which the moving party has the burden of proof should be granted. And the fact that the moving party may be able to establish by other proof the matters sought to be elicited by the examination does not require the denial of the application. Nor should the application be denied because the answering papers set forth what the adverse party claims are the facts regarding the matters as to which an examination is sought.

The foregoing statement of the rule, however, is not inclusive and an examination is not limited to cases coming within it. So an adverse party may be examined in the court's discretion concerning matters as to which he has the burden of proof. (*Public National Bank* v. *National City Bank*, 261 N. Y. 316; *Brand* v. *Butts*, 242 App. Div. 149.) This was also the rule before the Civil Practice Act was adopted. (*Herbage* v. *City of Utica*, 109 N. Y. 81.)

Plaintiffs seek an examination of the defendant as to matters which they will have to prove in order to support their claim. It was error to deny the motion.

All concur; present, CROPSEY, LEWIS and JOHNSTON, JJ.