CARROLL FOSTER, Plaintiff, *v.* YORKSHIRE INSURANCE COMPANY, LTD., Defendant.

Supreme Court, Monroe County, March 21, 1938.

*Easton & Witmer* [*G. Robert Witmer* of counsel], for the plaintiff.

*Van Duser, Liebschutz & Curran* [*H. Douglass Van Duser* of counsel], for the defendant.

LAPHAM, J.   This is a motion for the examination of the defendant before trial through the examination of Frank B. Martin, manager of the United States Branch of the defendant, and Senator K. Gray, agency superintendent of the United States Branch of the defendant, or such other officers and agents of the defendant having the information which this examination seeks to elicit.

This action is brought by the plaintiff to reform a policy of fire insurance issued by the defendant to the plaintiff on a stock of merchandise and to recover under such reformed policy a proportionate part of the loss sustained by the plaintiff as the result of a fire. The complaint alleges that on October 27, 1936, the defendant made a written contract of insurance with the plaintiff, which was duly executed by the United States manager of the defendant and duly countersigned by the defendant's general policy-writing agent, Harold K. Foley, Inc., at Webster, N. Y. The policy contained a provision that the defendant was not liable for loss occurring while the insured had other insurance on property covered in whole or in part by the policy, and a provision voiding the policy in its entirety, unless provided otherwise by a written agreement annexed to the policy, if the interest of the assured was other than unconditional ownership. The complaint alleges in addition that at the time of the issuance and delivery of the policy to the plaintiff the defendant's agent delivered to the plaintiff another policy of insurance on the same property, and that prior to the issuance of the policy the plaintiff had informed the defendant that the property was subject to certain agreements with third persons but that the defendant omitted to attach to the policy an indorsement permitting other insurance and omitted to attach all the information concerning the ownership of the property, and that such omissions were made as a result of mutual mistake on the part of the plaintiff and defendant or by combination of mistake and fraud. The complaint also alleges that after the fire the defendant employed certain agents to investigate the loss and the ownership, possession and custody of the property covered by the policy; that the defendant demanded an examination of the plaintiff under the policy; that such examination was held on May, 15, 1937, and that, as a result of these acts, the defendant had waived its right to contest the validity of the policy and was estopped from impeaching the policy.

The answer, beyond an admission that after the fire one Robert Forrester investigated the loss for the defendant and made a report to the defendant, puts in issue the material allegations of the complaint by general denial, and raises the defenses that the policy was void on the ground that insured had sworn falsely in the proof of loss submitted to the defendant, and in respect to certain particulars during the examination of the plaintiff, and on the ground that the interests of the insured in the property covered by the policy were other than unconditional ownership, and that no written agreement was attached to the policy waiving or modifying this requirement.

The decisions construing sections 288–300 of the Civil Practice Act, under which this application is made, have enjoined upon the court the duty of giving these sections a generous construction, especially where, as here, the plaintiff seeks an examination of the defendant on issues which the plaintiff has the burden of proving. The complaint and the affidavits submitted on this motion have convinced the court that the examination is sought in good faith and that much of the testimony sought to be taken by the plaintiff is material and necessary.

The plaintiff has moved to examine the defendant upon eleven different subjects and for an inspection and examination of six separate groups of records and papers.

Subject to the limitations hereinafter set forth, the motion of the plaintiff is granted on the following subjects:

A. That at all the times mentioned in the complaint Harold K. Foley, Inc., was the defendant's general policy-writing agent and was represented by Harold K. Foley of Webster, N. Y.

The defendants' concession that Harold K. Foley, Inc., was " a local agent " of the defendant, and that as " such local agent Harold K. Foley, Inc., wrote, countersigned and issued the policy now in suit," does not reach and satisfy all the essentials of the authority of such agent upon which the plaintiff must rely to sustain the allegations of his complaint. " A local agent " is not necessarily synonymous in law with " a general agent " and a classification of a particular agent as " a local agent " or as " a general agent " does not establish as a matter of law his power to waive conditions in an insurance policy or that his knowledge can be imputed to the principal. The admission that Harold K. Foley, Inc., was a local agent of the defendant and that it issued the policy in suit may create a *prima facie* case for the plaintiff, but the plaintiff is not limited to an inquiry into circumstances that establish merely a *prima facie* case in his favor. Whether power to waive conditions in a policy exists, or whether the knowledge of the agent can be imputed to the principal depends in each instance on the rank and authority of the agent and the scope of the subject-matter intrusted to him by the principal. (*McClelland* v. *Mutual Life Ins. Co.*, 217 N. Y. 336; *Smaldone* v. *Ins. Co. of North America*, 162 id. 580, 583; *Robbins* v. *Springfield Fire Ins. Co.*, 149 id. 477.)

B. That the defendant knew at the time of the issuance of the policy described in the complaint and at the time of the fire that there was other insurance on the property mentioned and described in said complaint.

C. That the plaintiff gave timely notice of loss to the defendant.

The complaint alleges and the answer denies that immediately upon the occurrence of the fire the plaintiff duly gave the notice of loss required by the policy to the defendant. It may be assumed that the plaintiff has knowledge of these facts and this information is in his own possession, but this circumstance does not defeat his right to examine the defendant on this point. (*Haire* v. *Title Guarantee & Trust Co.*, 249 App. Div. 786; *Peck Coal Corp.* v. *Fowler*, 230 id. 713; *McGrath* v. *Blumenthal*, 220 id. 781.)

D. That Grover Darrow was the defendant's agent for the purpose of making an investigation of the fire and loss described in the complaint and of the ownership, possession and custody of the property described in the policy, and that he made such investigations and reported the results thereof to the defendant before May 15, 1937.

The plaintiff is entitled to inquire into the alleged investigation of the fire and loss and of the ownership, possession and custody of the property involved in aid of the allegations in the complaint, that these circumstances, in conjunction with the defendant's demand for an examination under the policy and the holding of such an examination, constituted a waiver by, or an estoppel against, the defendant of its right to contest the validity of the policy. The principle is well settled that if an insurer, with knowledge of a breach of a condition in a policy by the insured, or with knowledge of facts which should reasonably move the insurer to inquiry, demands that the insurer comply with the provisions of the policy, the insurer cannot contest the validity of the policy on the ground of such breach. Before this rule can be invoked, however, the plaintiff must show that the insurer had knowledge of the breach of condition by the insured. (*Roby* v. *American Central Ins. Co.*, 120 N. Y. 510; *Titus* v. *Glens Falls Ins. Co.*, 81 id. 410; *S. & E. Motor Hire Corp.* v. *New York Indemnity Co.*, 229 App. Div. 232; *Posnick-Nonas Company, Inc.*, v. *United States Fid. & Guar. Co.*, 222 id. 36.)

E. That Robert Forrester was the agent of the defendant for the purpose of investigating the ownership, possession and custody of the property described in the policy and that said Robert Forrester made a report to the defendant of his investigation of the ownership, possession and custody of said property prior to May 15, 1937.

The defendant admits that Robert Forrester investigated the fire for, and made a report thereof to, the defendant, and the plaintiff is not, therefore, entitled to examination of the defendant on this point. But the admission of the defendant does not touch the employment of Robert Forrester to investigate the ownership,

possession and custody of the property described in the policy. Since this is a vital element in the plaintiff's case, the plaintiff may have an examination of the defendant on this question.

F. That G. S. Wood and M. L. Fort, members of the New York State Police, made an investigation of the fire and loss and of the ownership, possession and custody of the property described in the policy, and reported the results of such investigation to the defendant prior to May 15, 1937.

The complaint alleges and the answer denies that two New York State troopers, Corporal G. S. Wood and M. L. Fort, investigated the fire and loss and the ownership, possession and custody of the property described in the policy and communicated the results of such investigation to their superior officers, who in turn conveyed this information to the defendant prior to the date of the demand for the examination of the plaintiff under the policy. Inquiry on this point should be open to the plaintiff.

G. Which officer or officers, agent or agents of the defendant received the report or reports by Grover Darrow, Robert Forrester or Corporal G. S. Wood and Trooper M. L. Fort, or any of them, together with the dates and places of the receipt of such reports.

The plaintiff has also asked for an order directing the production for inspection and examination of certain records and papers of the defendant. Authority for this request is contained in section 296 of the Civil Practice Act.

The power of the court to compel the production of certain relevant and necessary papers covering the contents of the examination herein allowed cannot be successfully challenged on the facts in this case. Although the defendant who is sought to be examined is a foreign corporation, it was at all the times mentioned in the complaint authorized to conduct the business of fire insurance in New York State, and actually did engage in, and is still engaged in, such business within the State. The contract of insurance, moreover, which is the subject-matter of the present suit, was issued and delivered within the State of New York. Under these circumstances the objection cannot be made that the papers sought to be produced may not be within the State. (*Sullivan* v. *Ryan-Parker Const. Co.*, 148 App. Div. 243.)

In aid of the examination herein allowed, the motion of the plaintiff is granted for the production for inspection and examination of the following records and papers:

a. Contracts or other memoranda of authorization of employment between the defendant and Harold K. Foley, Inc., or H. K. Foley individually, or both, of Webster, N. Y.

b. The daily reports and other memoranda between Harold K. Foley, Inc., or H. K. Foley individually, and the defendant relating to the solicitation, application for, issuance and delivery of said policy and in connection with the policy issued by the Home Insurance Company of New York, through said Harold K. Foley, Inc., or H. K. Foley individually.

c. All letters, telegrams and other correspondence or memoranda between Grover Darrow and the defendant relating to the authorization and employment of the said Grover Darrow by the defendant or its agent or agents for the purpose of investigating said fire and loss and the ownership, possession and custody of the property involved, and relating to the report or reports concerning the same made by said Grover Darrow to the defendant, its agent or agents, and the report or reports received by the defendant, its agent or agents, in connection with said investigation.

d. All letters, telegrams and other correspondence and memoranda relating to the employment of Robert Forrester by the defendant, its agent or agents, for the purpose of investigating the ownership, possession and custody of the property described in the said policy and relating to the report or reports concerning the same made by the said Robert Forrester to the defendant, its agent or agents, and the report or reports received by the defendant, its agent or agents, in connection with said investigation.

e. All letters, telegrams and other correspondence and memoranda between New York State Troopers G. S. Wood and M. L. Fort or their superiors and the defendant relating to their investigation of said fire and loss and the ownership, possession and custody of the property involved, and the report or reports received by the defendant in connection with such investigation.

The affidavits submitted on this application show that Frank B. Martin is no longer employed in the capacity of manager of the United States Branch of the defendant and that his successor in that office is H. F. Ellen, who resides in the city of Maplewood, N. J. The court has no power to order the examination of the defendant through a person who is no longer employed as an officer of the defendant (*McGowan* v. *Eastman*, 271 N. Y. 195), and the plaintiff requests the substitution of the name of H. F. Ellen for the said Frank B. Martin as manager of the United States Branch of the defendant. Since the plaintiff has designated the office of the person through whom he seeks to examine the defendant, the court has reached the conclusion that this designation is sufficient compliance with the relevant sections of the Civil Practice Act and rule 122 of the Rules of Civil Practice, and believes, therefore, that the name H. F. Ellen should be substituted in the place and stead of

Frank B. Martin as manager of the United States Branch of the defendant. (*Conn* v. *Hengerer Co.*, 152 Misc. 201.)

The plaintiff is entitled to an order directing it to take the testimony of the defendant through the examination of H. F. Ellen, the manager of the United States Branch of the defendant, Senator K. Gray, agency superintendent of the United States Branch of the defendant, or any other officer, employee or agent of the defendant possessed of the information relating to the contents of the examination granted to the plaintiff herein whom the defendant may designate and authorize to appear in its behalf, and directing the production for inspection and examination of the records and papers hereinbefore enumerated.

The examination of Senator K. Gray as an officer of the defendant shall be made in Louisville, Ky., on interrogatories or on open commission, as the plaintiff may elect, and, if on open commission, the time, the person before whom such testimony shall be taken, and provisions for expenses of defendant's counsel shall be settled in the order on notice. The time and place and the method of taking the testimony of H. F. Ellen as an officer of the defendant shall also be settled in the order on notice. The plaintiff shall give to the defendant or its officers reasonable written notice of the time and place of each of the hearings allowed by this decision.

An order may be submitted and settled on notice in accordance with this decision.