Thomas Gardner, as Administrator, etc., of Frederick Gardner, Deceased, Plaintiff, *v.* William C. Frederick, Defendant.

Supreme Court, Monroe County, August 20, 1940.

*MacFarlane & Harris,* for the plaintiff.

*Bechtold & Bernstein,* for the defendant.

Lapham, J. The defendant has moved to vacate a notice of examination before trial under which the plaintiff seeks to examine the defendant as an adverse party.

The action is brought to recover damages for the wrongful death of an infant of the age of eleven years which, it has been alleged, occurred as a result of the negligence of the defendant. The complaint alleges that the defendant assumed the care and custody of a number of young boys, of whom the decedent was one, and that, on account of the failure to supervise properly the conduct of the boys while they were riding on a truck owned and operated by the defendant, the infant met his death when a rope thrown around the head and shoulders of the boy caught in the wheels of

the moving truck. These allegations are controverted by the answer.

The defendant contends that the plaintiff is not entitled to examine him on the general allegations of negligence in the complaint because there were three young boys riding with the decedent whose testimony is available to plaintiff and because the reports of the coroner, the State police, the sheriff's office and the defendant to the Bureau of Motor Vehicles are accessible to the plaintiff. This contention, addressed to the discretion of the court, does not carry the force it might otherwise have where, as here, the issues of the care and custody of the children by the defendant and the extent of his supervision over them lie at the heart of the case. The pertinent facts on these controverted issues can be elicited only from the defendant and toward the solution of these vital questions the children and the written reports of the investigating officers can, in all probability, contribute little or nothing. In any event, the fact that the plaintiff has some of the relevant facts in his possession, or that he has access to other sources of information for the proof in his case, will not defeat the examination of his adversary. (*Berger* v. *Day*, 228 App. Div. 819; *Foster* v. *Yorkshire Ins. Co., Ltd.*, 167 Misc. 204; affd., 255 App. Div. 829; *Bailowitz* v. *Independent Congregation, etc.*, 153 Misc. 306.)

I am not convinced, however, of the necessity of examining the defendant on the question whether the decedent's death was caused solely by the carelessness of the defendant. The contributory negligence of the decedent must be established by the defendant and no special circumstances have been shown to justify the examination of the defendant on this issue on which he has the burden of proof.

The motion to vacate the notice of examination of the defendant before trial is denied in respect to all items in the notice of examination save the item numbered " 5." No costs.

Let order enter accordingly.