FRANCIS J. MULLIGAN, as Administrator of the Estate of THOMAS P. DINES, Deceased, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, May 21, 1947.

*Richard M. Cantor* for plaintiff.

*Charles E. Murphy, Corporation Counsel* (*Francis J. Horan* of counsel), for defendant.

HAMMER, J. This motion is by plaintiff, Public Administrator of the County of New York, as administrator of the estate of the deceased, for an extension of time to serve a notice of claim under subdvision 5 of section 50-e of the General Municipal Law. There it is provided:

" Where the claimant is an infant, or is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim as provided in the foregoing subdivisions of this section within the time limited therefor, *or where a person entitled to make a claim dies before the expiration of the time limited for service of the notice,* the court, in its discretion, may grant leave to serve the notice of claim within a reasonable time after the expiration of the time specified in subdivision one.

" Application for such leave must be made within the period of one year after the happening of the event upon which the claim is based, and shall be made prior to the commencement of an action to enforce the claim, upon affidavit showing the particular facts which caused the delay, accompanied by a copy of the proposed notice of claim." (Italics supplied.)

The deceased met his death on or about December 12, 1946, in the collapse of the building 2515 Amsterdam Avenue, New York City, and the fire of the adjoining building. The administrator was appointed December 28, 1946. Unless extended, the last day to file notice of claim under the statute was February 10, 1947.

Section 50-e of the General Municipal Law was enacted pursuant to a recommendation of the Judicial Council of the

State of New York to the Legislature of 1943 and 1944. The Judicial Council, in its Twelfth Annual Report, 1946, referring to the enactment of chapter 694 of the Laws of 1945, (§ 13) under which the new section 50-e was added to the General Municipal Law to provide for a uniform and equitable notice of tort claims procedure throughout the State, superseding the numerous and inconsistent provisions of general, special or local laws or charters, a modification of the proposed legislation suggested by the Judicial Council, stated:

" The law makes two principal improvements in the administration of justice. First, it provides for a uniform notice of tort claims procedure throughout the State in all of its political subdivisions. Second, its simple and clear procedure eliminates the technicalities that at times have prevented the disposition, on their merits, of honest tort claims against public corporations." (P. 21.)

" As was stated on pages 51-52 of the Eleventh Annual Report of the Judicial Council, new section 50-e is the result of a compromise based upon the recommendations of the Judicial Council (Tenth Annual Report of the Judicial Council, pp. 263-296, and p. 44). The law now provides for a sixty-day period within which the notice of claim must be filed (subd. 1), with certain exceptions that may, under some circumstances, extend the period up to one year (subd. 5). While the sixty-day period is better than the thirty-day period, which the County Officers' Association originally advocated, the Judicial Council remains convinced that a ninety-day period is more equitable. * * * It seems obvious that the present provision, limiting the correction of non-prejudicial errors to a motion made before the trial, may be indirectly avoided by an adjournment of the trial. The Judicial Council therefore feels, as it did last year, that subdivision 6 of section 50-e should provide clearly that corrections of errors which do not prejudice a defendant public corporation may be made at the trial as well as before the trial." (P. 23.)

" The second amendment again recommended is that subdivision 6 of section 50-e of the General Municipal Law, which limits the correction of non-prejudicial errors to a motion made *before* the trial, be amended to provide that the correction of errors which do not prejudice a defendant public corporation may be made at the trial as well as before the trial. It seems obvious that the present provision may be indirectly avoided by obtaining an adjournment of the trial. However, resort to that method is wasteful and time consuming and can easily be ren-

dered unnecessary by the adoption of the Council's recommendation.'' (Pp. 59-60.)

The Judicial Council, in its Tenth Annual Report, 1944, speaking of the proposed ninety-day period for giving notice, said: '' A ninety day period for giving notice is adopted here. It is believed that this period is reasonable, and that a shorter period would produce inequitable results without actually conferring any benefit on municipal and district corporations by enabling them more readily to detect spurious or fictitious claims.'' (P. 269.)

And in speaking of the consideration to be given to the provisions in respect of legal disability, the Judicial Council, on the same page, stated: '' Existing notice provisions in New York do not include an exception in favor of a claimant who is under a legal disability.*, However, the courts of New York have been liberal in the construction of these provisions, and have sustained a notice given within a reasonable time after the disability ceases, although the prescribed period for notice has expired. The inclusion of the proposed exception substantially codifies the decisional law of New York on this point. The proposal is in accord with analogous statutory provisions of this and other states, and liberal legal thought.''

The difficulties encountered by executors and administrators whose decedents have died in and as the result of tortious acts are given recognition by the law.

The Statute of Limitations for assertion of a claim by an administrator is extended beyond the time limited for the commencement of the action up to one year after the death (Civ. Prac. Act, § 20). Under the Decedent Estate Law, freedom from contributory negligence by the decedent does not have to be pleaded or proved; but contributory negligence is a defense as to which the burden of pleading and proof is upon the defendant (Decedent Estate Law, § 131).

General examinations before trial in negligence cases upon the ground of special and extraordinary circumstances are usually allowed to an administrator or executor of a deceased person whose death resulted from a happening which is the

---

* See, e.g., *Murphy* v. *Village of Fort Edward* (213 N. Y. 397 [1915]); *Russo* v. *City of New York* (258 N. Y. 344 [1932]); Effect of Infancy on Statutory Requirement of Notice of Claim Against Municipal Corporation, N. Y. L. J., June 11, 1942, p. 2478, col. 1. See, also, *Walden* v. *City of Jamestown* (178 N. Y. 213 [1904]); *Forsyth* v. *City of Oswego* (191 N. Y. 441 [1908]). Also compare sections 43 and 60 of the Civil Practice Act concerning disabilities in relation to the Statute of Limitations.

subject matter of the action (*Munson* v. *Leaman Transportation Co.*, 257 App. Div. 888; *Weiner* v. *Hass, Inc.*, 158 Misc. 181; *Gardner* v. *Frederick*, 174 Misc. 891).

It may reasonably be assumed that the difficulties of the Public Administrator, a public official, appointed administrator of the estate of a deceased person and prosecuting an action for negligence causing the injuries and death of such decedent, would be even greater than those of administrators generally, who are related to the deceased and interested in the investigation of the circumstances surrounding the death when it is the result of an accident. Here plaintiff, the Public Administrator, shows that his reliance for information in his investigations was mainly upon investigations being conducted by officials and employees of the defendant, particularly members of the police and fire departments and the records in the police blotter.

Under all the circumstances, it appears equitable that in the exercise of discretion the time within which the Administrator can serve his notice be extended to thirty days after the entry of the order hereon. Settle order.