Oscar M. Lazrus, Plaintiff, *v.* Loschka S. Michel, Defendant.

Supreme Court, Special Term, Queens County, March 30, 1948.

*Newman & Bisco* for plaintiff.

*Herman S. Axelrod* for defendant.

DALY, J. In the course of an examination before trial of the defendant which was conducted pursuant to an order of this court, counsel for the defendant offered to make certain concessions on the record in lieu of further examination. Plaintiff's counsel refused to accept them, stating that an offer of stipulation is not a proper part of an examination before trial.

After extensive argument, plaintiff's attorney stated " You have instructed your client not to proceed any further in the examination? " To which the attorney for the defendant answered, " At this time, unless we get a ruling." Such a ruling is now sought by a formal motion made by the defendant, who, in her moving affidavit, offers to expand and enlarge her concessions, contending that they more than satisfy " the provisons of the order granting an examination before trial " and are " more than enough to enable plaintiff to obtain a decree, if in law he is entitled thereto."

It is well established that applications for examinations before trial may not be denied because the answering papers set forth what the adverse party claims are the facts regarding the matters as to which the examination is sought (*Maria* v. *Bower,* 134 Misc. 800; *Bailowitz* v. *Independent Congregation Wisdom of Man of Plinsk,* 153 Misc. 306; *Slattery* v. *Parsons,* 17 N. Y. S. 2d 6, 12). If a concession offered in opposition to a motion for an examination before trial cannot defeat it, a concession offered in the course of an examination before trial can hardly have a different result. Section 302 of the Civil Practice Act provides, in part, that if testimony be taken within the State, the examination shall be " *upon oral questions unless the parties otherwise stipulate* ". (Italics mine.) In rule 129 of the Rules of Civil Practice, it is provided that on the oral examination of a person whose testimony is to be taken by deposition, either within or without the State, " *the oral examination shall be conducted in the same manner as on the trial* ". (Italics mine.)

A concession offered by an attorney in the course of his client's examination before trial is, in the absence of his adversary's stipulation to accept it, neither an " examination * * * upon oral questions " within the meaning of section 302 of the Civil Practice Act, nor an " oral examination * * * con-

ducted in the same manner as on the trial '', as required by rule 129 of the Rules of Civil Practice.

It follows that the plaintiff's attorney was within his rights to refuse to accept the concessions referred to, and the examination must proceed to its conclusion on matters relevant to the items allowed in the order granted by this court. Under all of the circumstances, however, and in light of the feeling which seems to have entered into this litigation, the defendant's deposition will be concluded before an official referee.

Settle order.